[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1008 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1009 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1010 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1011 
On June 13, 1980, the appellant, Timothy C. Davis, was convicted of capital murder for killing Avis Alford and was sentenced to death by electrocution. Initially, we reversed the judgment of the trial court, ordering a new trial on the authority of Beck v. Alabama, 447 U.S. 625,100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). Davis v. State,408 So.2d 532 (Ala.Cr.App. 1981), cert. denied, 408 So.2d 533 (Ala. 1982). The United States Supreme Court vacated that decision and remanded the case to this court for further consideration in light of Hopper v. Evans, 456 U.S. 605,102 S.Ct. 2049, 72 L.Ed.2d 367 (1982). On remand, we reinstated the appellant's conviction and sentence of death. Davis v.State, 554 So.2d 1094 (Ala.Cr.App. 1984). The relevant facts of the case and the sentencing order are included in that opinion, which the Alabama Supreme Court affirmed. Ex parteDavis, 554 So.2d 1111 (Ala. 1989). The appellant's application for a rehearing was denied. See Ex parteDavis, 569 So.2d 738 (Ala. 1990). The United States Supreme Court denied the appellant's petition for certiorari review on February 25, 1991, see Davis v. Alabama,498 U.S. 1127, 111 S.Ct. 1091, 112 L.Ed.2d 1196 (1991), and this court issued a certificate of judgment on October 16, 1990.
On February 12, 1992, the appellant, through counsel, filed a Rule 32, Ala. R.Crim. P., petition for post-conviction relief, which he subsequently amended. The State responded, arguing that the issues either lacked merit or were precluded. On September 1, 1995, the trial court conducted an evidentiary hearing during which it heard testimony and at which the parties submitted various depositions as additional evidence. By order dated January 31, 1997, the trial court denied the petition, finding as follows:
 "The petition for relief from sentence was brought by the Petitioner, who is subject to a sentence of death which was imposed by this Court on July 14, 1980.
 "After a consideration of the hundreds of trial exhibits, the hundreds of pages of transcript, the pleadings, the evidence presented, and argument of counsel, the Court hereby FINDS and ORDERS as follows:
 "1. Petitioner's claims with regard to the following issues as contained in the petition are due to be denied as being procedurally barred from review because they could have been raised at trial or on appeal but were not:
 "Failure to Present Defendant in Court Promptly after Arrest; Denial of a Fair and Impartial Judge; Failure to Disqualify Assistant Prosecutor; Improper Juvenile Transfer Hearing; Youthful Offender Application Denial Improper; Failure to Disclose Defendant's Statements; Improper Denial of Change of Venue; Improper Denial of Discovery Motion; Illegal Excuse of Jurors Outside Defendant's Presence; Inadequate Voir Dire; Jurors Told Defendant Was in Custody; Improper In-Court Identification; Fourth Amendment Violation; Involuntary and Unreliable Statements Obtained without Voluntary Waiver of Miranda Rights; Use of Illegally Obtained Statements; Failure to Instruct on Lesser Included Offenses; Improper Reasonable Doubt Instruction; Failure to Guide Jury in Determining Whether Death Penalty Appropriate; Failure to Instruct on Circumstantial Evidence; Unreliable Psychological Testing; Improper Use of Mental Health Records; Pre-Sentence and Mental Health Records Contained Illegally Obtained Statements; Failure to Consider Non-Statutory Mitigating Circumstances; Failure to Find and Consider Certain Statutory Mitigating Circumstances; *Page 1012 
Improper Application of Aggravating Circumstances; Death Sentence Disproportionate; Incomplete Record; Unconstitutional Method of Execution; Conflict of Interest by Virtue of Former District Attorney being Allowed to Perform Judicial Function; Prosecutorial Misconduct in Opening Statements; Illegal Search of Davis' Home; Failure to Allow Davis an Opportunity to Allocute Prior to Imposition of Sentence; Use of Forensic Evidence; and Denial of Due Process and Equal Protection.
"2. Petitioner's claims as to ineffective assistance of counsel contained in the petition are due to be denied because the petitioner has not met the burden of proof regarding any of the following alleged failures on counsels' part, to-wit:
 "To Move to Recuse the Juvenile Court Judge Who had a Conflict of Interest; To Move to Disqualify the Special Prosecutors Appointed by the Court to Represent the Victim's Family and Prosecute the Case on Behalf of the State; To Move to Disqualify the Assistant District Attorney Who had a Conflict of Interest and Whose Participation in the Prosecution of the Case Prejudices Mr. Davis; To Present Sufficient Evidence in Support of Mr. Davis' Motion for a Change of Venue; to Conduct a Sufficiently Thorough Voir Dire of Potential Jurors; To Move to Exclude the Improper and Prejudicial In-Court Identification of Mr. Davis by One of The State's Key Witnesses; To Investigate the Background and Prior Convictions of Curtis Smith; To Investigate the Circumstances of Highly Incriminating Statements Allegedly Given by Mr. Davis to a Juvenile Detainee in Savannah, Georgia, Unreasonably Failed to Move to Exclude Such Statements, and Unreasonably Failed to Investigate the Criminal History Background and Law Enforcement Connections of that Witness; To Request Instructions on Lesser Included Offenses; To Object to the Court's Improper Reasonable Doubt Instruction; To Object to the Conflict of Interest Created by Allowing the Former District Attorney to Perform Judicial Functions in the Case; To Object to the Prosecutorial Misconduct in Opening Statement; To Object to the Illegal Search of Mr. Davis' Home and Unreasonably Failed to Seek Suppression of Illegally Obtained Evidence; To Challenge the Forensic Evidence Presented at Trial; and To Present Compelling Mitigating Evidence.
 "The Court finds that counsel for Petitioner were not professionally unreasonable, nor has petitioner proven to a reasonable probability that, but for errors of counsel, a different result as to judgment, sentence or appeal would have occurred.
 "3. Petitioner's claims with regard to the following issues are denied as being raised or addressed on appeal:
 "Denial of a Fair and Impartial Judge; and the Failure to Present the Defendant in Court Promptly After his Arrest.
 "4. Petitioner's claim that the State's failure to disclose favorable or exculpatory evidence with regard to Tracy Bignault and Curtis Smith is a violation of the due process requirements of state and federal law is due to be denied because the petitioner has failed to establish that the evidence in question was material or that it is reasonably probable that the disclosure of such evidence would have changed the result of the trial.
 "Accordingly, Petitioner's petition for relief is Denied."
This appeal followed the denial of the petition.
The appellant raises numerous issues on appeal, including substantive claims alleging errors in his trial and claims that his trial and appellate attorneys were ineffective. In reviewing the trial court's denial of the appellant's petition, we are guided by the following principles.
 "`"[T]he plain error rule does not apply to Rule 32 proceedings, even if the case involves the death sentence." Thompson v. *Page 1013 State, 615 So.2d 129 (Ala.Cr.App. 1992).' Cade v. State, 629 So.2d 38, 41
(Ala.Cr.App. 1993), cert. denied, 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 221 (1994).
 "In addition, `[t]he procedural bars of Rule 32 apply with equal force to all cases, including those in which the death penalty has been imposed.' State v. Tarver, 629 So.2d 14, 19 (Ala.Cr.App. 1993)."
Brownlee v. State, 666 So.2d 91, 93 (Ala.Cr.App. 1995).
 "To prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that he was prejudiced as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 "`The appellant must show that his counsel's performance was unreasonable, considering all of the attendant circumstances. . . . "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066.'
"Duren v. State, 590 So.2d 360, 362
(Ala. Cr.App. 1990), aff'd. 590 So.2d 369 (Ala. 1991), cert. denied,503 U.S. 974, 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992).
"When this court is reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable. Luke v. State,484 So.2d 531, 534 (Ala.Cr. App. 1985). The burden is on the appellant to show that his counsel's conduct was deficient.Luke.
 "`Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.'
"Strickland, 466 U.S. at 689, 104 S.Ct. at 2065-66. (Citations omitted.) Ex parte Lawley, 512 So.2d 1370,1372 (Ala. 1987).
 "Initially we must determine whether counsel's performance was deficient. We must evaluate whether the action or inaction of counsel of which the petitioner complains was a strategic choice. `Strategic choices made after a thorough investigation of relevant law and facts are virtually. . . .' unchallengeable Lawley, 512 So.2d at 1372. This court must avoid using `hindsight' to evaluate the performance of counsel. We must evaluate all the circumstances surrounding the case at the time of counsel's actions before determining whether counsel rendered ineffective assistance. Falkner v. State, 586 So.2d 39 (Ala.Cr.App. 1991)."
Hallford v. State, 629 So.2d 6, 8-9
(Ala.Cr. App. 1992), cert. denied, 511 U.S. 1100, 114 S.Ct. 1870,128 L.Ed.2d 491 (1994).
 "In determining whether a defendant has established his burden of showing that his counsel was ineffective, we are not required to address both considerations of the Strickland v. Washington test if the defendant makes an insufficient showing on one of the prongs. Id.
at 697, [104 S.Ct. 2052]. In fact, the Court explained that `[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' *Page 1014 Id. We defer to this guidance and address the `prejudice' prong, for `[w]ith respect to the prejudice component, the lack of merit of [Thomas's] claim is even more stark.' Id.
at 699, [104 S.Ct. 2052]."
Thomas v. State, 511 So.2d 248, 255 (Ala.Cr. App. 1987).
Furthermore, to render effective assistance, an attorney is not required to raise every conceivable constitutional claim available at trial and on appeal. Holladay v. State,629 So.2d 673 (Ala.Cr.App. 1992), cert. denied, 510 U.S. 1171,114 S.Ct. 1208, 127 L.Ed.2d 555 (1994); McCoy v.Lynaugh, 874 F.2d 954, 965-66 (5th Cir. 1989). Rather, counsel must be given some discretion in determining which claims possibly have merit, and thus a better chance of success, and which claims do not have merit, and thus have little chance of success. Heath v. State, 536 So.2d 142
(Ala.Cr.App. 1988); Smith v. Murray, 477 U.S. 527,106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); Engle v. Isaac,456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).
 I CLAIMS REGARDING TRIAL AND APPEAL Claims Regarding the Right to a Fair and Impartial Judge
The appellant argues that he was denied his right to a fair and impartial judge during two detention hearings and a juvenile transfer hearing. Specifically, he claims that it was improper for Judge Robert Teel, Jr., to preside over the hearings in juvenile court because his brother Frank Teel appeared as an assistant district attorney at those proceedings. This claim is procedurally barred because it could have been, but was not, raised at trial and because it was raised and addressed on appeal. Rule 32.2(a)(3) and (4), Ala. R.Crim. P. The appellant also claims that Judge Teel improperly appointed special prosecutors to represent the State in preliminary matters and that the district attorney only assumed full responsibility for the prosecution less than one month before trial. This claim is procedurally barred because it was raised and addressed at trial and because it could have been, but was not, raised on appeal. Rule 32.2(a)(2) and (5), Ala. R.Crim. P.
The appellant argues that his trial attorneys were ineffective because they did not move to recuse the district judge because of the alleged conflict of interest with his brother. On direct appeal, we addressed the argument that the judge should have recused himself, and we decided it adversely to the appellant, stating as follows:
 "The appellant contends that the district judge should have disqualified himself in order to protect appellant's rights to `due process and an impartial hearing' and that his failure to recuse himself constituted reversible error. We disagree.
 "The district court judge's brother, acting in his official capacity as an assistant district attorney, did not have `an interest that could be substantially affected by the outcome of the proceedings[s],' see, Canon 3 C.(1)(d)(ii), Canons of Judicial Ethics, and he was not a `party,' see, § 12-1-12, Code of Alabama 1975. Therefore, neither Canon 3 C.(1)(d)(ii), nor § 12-1-12, nor Alabama common law mandated disqualification of the district judge in either the preliminary hearing or the juvenile transfer hearing. See, generally, Ex parte Clanahan, 261 Ala. 87, 72 So.2d 833 (1954).
 "In Ex parte Clanahan, the Alabama Supreme Court determined that a circuit court judge was not disqualified in a case where his son-in-law was an attorney for one of the parties in the litigation. The court reasoned that the attorney was not a `party,' as that term is used in the general `disqualification' statute, now § 12-1-12, and that he had no interest other than his `pride in the successful outcome' of the litigation. Although Ex parte Clanahan involved a civil suit, the principles espoused therein are equally applicable to the instant case. As in Ex parte Clanahan, the assistant district attorney's `fee' or salary was not dependent upon the result of the litigation, and from aught that appears in the record he had no interest other than his `pride in the successful outcome' of the proceedings. *Page 1015 
 "The appellant argues that his rights were violated due to the inherent bias presented by this case. However, in Alabama there is a presumption that a judge is qualified and unbiased and a person contending otherwise has the burden of proof to overcome the presumption. Schillaci v. State, 347 So.2d 556 (Ala.Crim.App.), cert. denied, 347 So.2d 559 (Ala. 1977); Williams v. State, 383 So.2d 547 (Ala.Crim.App.), affirmed, 383 So.2d 564
(Ala.), cert. denied, 449 U.S. 995, 101 S.Ct. 534, 66 L.Ed.2d 293 (1980). In support of his arguments, the appellant has presented no evidence of actual bias and only challenged the district court judge's qualifications in an amendment to his motion for a new trial, filed approximately two years after the district court judge's final action in this cause.
 "Nevertheless, we have reviewed the record of the preliminary hearing and the juvenile transfer hearing, the two proceedings handled by the district court judge, and have found no evidence, whatsoever, of any bias against the appellant. In fact, the preliminary hearing resulted in an order `releasing the appellant from detention,' a ruling favorable to the appellant. The juvenile transfer hearing resulted in an order certifying the appellant as an adult, a result well supported by the evidence."
Davis, 554 So.2d at 1098-99.
In the present petition, the appellant still has not presented any evidence of actual bias on the part of the district judge. Rather, he relies solely on his conclusory allegation that there was a conflict of interest. Thus, there is no indication that trial counsel was ineffective for not asking the district court judge to recuse himself from the case. Furthermore, the appellant has not shown that the result of the proceedings would have been different if trial counsel had moved to recuse the district court judge. He has simply made bare allegations and conclusions that are not supported by facts. Rule 32.3 and 32.6(b), Ala. R.Crim. P. Therefore, the appellant has not proved, under Strickland, that his appellate attorneys were ineffective.
The appellant also argues that his trial attorneys were ineffective because they did not move to disqualify the special prosecutors and Assistant District Attorney Teel. The trial record refutes this claim because it shows that trial counsel did move to disqualify the special prosecutors and Assistant District Attorney Teel. Therefore, this claim is not factually supported by the record.
 Claims Regarding Timely Presentment After Arrest
The appellant argues that his state and federal rights were denied because the State did not present him in court promptly after his arrest. This claim is procedurally barred because it was raised and addressed at trial and because it could have been, but was not, raised on appeal. Rule 32.2(a)(2) and (5), Ala. R.Crim. P.
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the State's failure to present him before a judicial officer promptly upon his arrests. The trial record shows that, following the appellant's first arrest, the hearing was continued at the request of the appellant's family so they could retain counsel to represent the appellant. Any delay at that time was not due to actions by the State. Therefore, the appellant's rights were not violated, and there was no basis for an objection by appellate counsel. Accordingly, he has not satisfied his burden under Strickland of showing that his appellate attorneys were ineffective with regard to this claim.
Concerning the second arrest, the record shows that the appellant was presented to the trial court within four days of his arrest. The appellant has not presented any evidence to show that this delay in presentment prejudiced him or that the result of the appeal would have been different if the issue had been raised. Rather, he has simply made a bare allegation and conclusion that his constitutional rights have been violated without providing a factual basis for his claim. Thus, he has not satisfied his burden of proof under Rules 32.3 and 32.6(b), Ala. R.Crim. P., and he has not shown that his appellate attorneys were ineffective for not raising this issue.Strickland, supra. *Page 1016 
 Claim that the Assistant Prosecutor Should Have Been Disqualified
The appellant contends that the trial court's failure to disqualify Assistant District Attorney Teel violated his rights and entitles him to a new trial. This claim is procedurally barred because it was raised and addressed at trial and because it was raised on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P.
 Claim that Transfer to Circuit Court was Improper
The appellant contends that the juvenile court improperly transferred him to circuit court. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the district court's allegedly improper grant of the State's motion to transfer the case to circuit court. The record reflects that the district court ordered the probation office to prepare a certification report and that it conducted a hearing on the motion. The order transferring the appellant to circuit court shows that the district court considered each of the factors set forth in § 12-15-34, Ala. Code 1975, and found that there was probable cause to believe the allegations were true. The weight to be given to each of the factors listed in § 12-15-34 is left to the discretion of the district court based on the circumstances of each case, and that court's decision will be reversed only if it is clearly erroneous. A.D.T. v.State, 630 So.2d 165 (Ala.Cr.App. 1993); R.J. v.State, 627 So.2d 1163 (Ala.Cr.App. 1993); Palmer v.State, 485 So.2d 1247 (Ala.Cr.App. 1986). Moreover, on direct appeal, we reviewed the record of the juvenile transfer hearing and held that the decision to transfer the appellant to circuit court was "well supported by the evidence."Davis, 554 So.2d at 1099. The appellant has not shown that the district court's decision was clearly erroneous or that there was a basis for an objection by appellate counsel. Instead, he has made bare allegations and has drawn conclusions unsupported by facts, both of which are insufficient to entitle him to relief. Rule 32.3 and 32.6(b), Ala. R.Crim. P. Therefore, he has not shown that his appellate attorneys were ineffective in this regard.
 Claim that Youthful Offender Status Was Wrongfully Denied
The appellant contends that the trial court improperly denied his application for treatment as a youthful offender because it did not state the reasons it relied upon in denying the application. This claim is procedurally barred because it was raised or addressed at trial and on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P. Further, he claims that the judge who denied his application was not fair and impartial because the judge conducted his own investigation outside the record. This claim is procedurally barred because it could have been, but was not, raised at trial and because it was raised and addressed on appeal. Rule 32.2(a)(3) and (4), Ala. R.Crim. P. SeeDavis, 554 So.2d at 1099-1100.
 Claims Regarding Change of Venue
The appellant contends that the trial court improperly denied his motion for a change of venue. This claim is procedurally barred because it could have been, but was not, raised and addressed at trial and because it was raised and addressed on appeal. Rule 32.2(a)(3) and (4), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not present sufficient evidence in support of his motion for a change of venue. He also argues that his trial attorneys were ineffective because, after the motion was denied in September 1979, they did not supplement the motion to demonstrate to the trial court the continuing prejudicial publicity to which the venire was allegedly exposed until the time of the trial in June 1980. On direct appeal, we addressed the appellant's argument that the trial court erroneously denied his motion for a change of venue and decided it adversely to him, stating as follows:
 "The appellant further contends that the trial court erred in denying his motion for a change of venue. He argues that the *Page 1017 
widespread publicity of the crime mandated a change of venue. We disagree.
 "Although the appellant presented evidence of numerous newspaper articles covering the crime, the record reveals that these articles were factual and objective in nature and that several editorials even encouraged readers to disregard rumors and withhold their judgments as to appellant's guilt or innocence until after his trial. Consequently, the publicity did not demonstrate `inherent prejudice' against the appellant sufficient to mandate a change of venue. See, Magwood v. State, 426 So.2d 929
(Ala. 1983), affirming 426 So.2d 918
(Ala.Crim.App. 1982); Robinson v. State, 430 So.2d 883 (Ala.Crim.App. 1983). Moreover, the mere passage of time between the crime and the venue hearing, a passage of approximately 14 months in the instant case, was another factor negating the prejudicial effect of the publicity surrounding the instant offense and justifying the trial court's refusal to grant a change of venue. See, Magwood v. State, supra; Robinson v. State, supra.
 "Furthermore, there was no proof of any `actual prejudice' among the prospective jurors. Those who had heard about the crime could remember very little about it. None, when questioned on voir dire, disclosed any preconceived notions or fixed opinions as to appellant's guilt and all indicated that any prior knowledge would in no way affect their verdicts. The record clearly demonstrates compliance with the juror fairness and impartiality standards espoused in Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975). See, Anderson v. State, 362 So.2d 1296 (Ala.Crim.App. 1978); Giles v. State, 554 So.2d 1073
(Ala.Crim.App. 1984).
 "Under these circumstances, the trial court's denial of appellant's motion for a change of venue, a decision properly left to the sound discretion of the trial court, was not improper. See, Magwood v. State, supra; Anderson v. State, supra; Moulds v. State, 426 So.2d 942
(Ala.Crim.App. 1982)."
Davis, 554 So.2d at 1100. In the present proceeding, the appellant still has not presented any proof of actual prejudice among the veniremembers. Rather, he has made bare, conclusory allegations that are not supported by the facts. Rule 32.6(b), Ala. R.Crim. P. Moreover, as we noted on direct appeal, the passage of time worked to the appellant's advantage in negating any prejudicial effect of the publicity surrounding the offense. Based on our previous holding and the appellant's failure to present any proof in support of his allegations, we find that the appellant has not met his burden underStrickland of proving that he was prejudiced by counsel's alleged failures. Rule 32.3, Ala. R.Crim. P.
 Claims Regarding Criminal Records of Witnesses
The appellant contends that the trial court improperly denied his request for access to criminal records of the State's witnesses. This claim is procedurally barred because it was raised and addressed at trial and on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P. See Davis, 554 So.2d at 1100.
 Claims that Jurors Were Improperly Excused
The appellant contends that the trial court improperly excused some jurors before the trial outside of his or his counsel's presence. This claim is procedurally barred because it was raised and addressed at trial and because it was raised on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P.
 Claims that Jurors Should Have Been Individually Sequestered and that Voir Dire was Insufficient
The appellant contends that the trial court improperly denied his motion for individually sequestered voir dire and that the questions asked during voir dire examination were not sufficient to reveal any bias by potential jurors. This claim is procedurally barred because it was raised and addressed at trial and because it was raised on appeal. Rule 32.2(a)(3) and (4), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not conduct a sufficiently thorough voir dire examination of potential jurors, particularly *Page 1018 
concerning the issues of pretrial publicity, knowledge of the appellant and his family, knowledge of the victim and her family, and the jurors' feelings and opinions about the death penalty. A review of the record indicates that each of these areas was addressed during the voir dire examination. Moreover, as we stated in our opinion in the appellant's direct appeal, there was no evidence that members of the venire were biased against the appellant. See Davis, 554 So.2d at 1100. Similarly, in the present proceeding, the appellant has not shown any evidence of bias, that he was prejudiced by trial counsel's allegedly insufficient voir dire examination of potential jurors, and that there is a reasonable probability that the result of the trial would have been different if counsel has conducted additional voir dire examination.Strickland, supra. Again, he has made bare allegations and drawn legal conclusions that are not supported by facts. Rule 32.6(b), Ala. R.Crim. P. Therefore, he has not satisfied his burden of proof under Strickland.
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the allegedly inadequate voir dire examination of potential jurors. This allegation is refuted by the record, which shows that his appellate attorneys did raise this issue on appeal in his petition for a writ of certiorari to the Alabama Supreme Court. Therefore, this claim is not supported by the record.
 Claim that there was an Improper Reference to the Appellant's Being in Custody
The appellant contends his state and federal rights were violated when a law enforcement officer allegedly made the jury aware that he was in custody. This claim is procedurally barred because it was raised and addressed at trial and because it was raised on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P.
 Claim of Improper In-Court Identification
The appellant contends that the trial court improperly allowed Curtis Smith to identify him in court without having previously identified him outside of the courtroom. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant argues that his trial attorneys were ineffective because they did not move to exclude the allegedly prejudicial in-court identifications. Although it is true that trial counsel did not challenge the identifications, the trial court did instruct the jury that "[e]vidence of identification of the defendant in the absence of prior familiarity with him is merely the expression of an opinion by a witness and is to be regarded by the Jury in the same light as any other opinion that may be expressed by a witness." In addition, Smith's identification was strongly corroborated by the testimony of other witnesses, physical evidence linking the appellant to the murder, and the appellant's statements to law enforcement officers and Tracy Bignault. In his petition, the appellant has not shown that he was prejudiced by the identifications and that there is a reasonable probability that the result of the trial would have been different if the identifications had been excluded. The appellant has not met his burden under the second prong ofStrickland. Therefore, he is not entitled to relief on this claim.
The appellant also argues that his appellate attorneys were ineffective because they did not raise on appeal the allegedly improper in-court identification by Smith. He makes bare, conclusory allegations that his attorneys were ineffective, but he does not cite any facts or evidence in support of his claim. Rule 32.3 and 32.6(b), Ala. R.Crim. P. Therefore, he has not satisfied his burden under Strickland of showing that the identification prejudiced him and that the result of the appeal would have been different if appellate counsel had raised the issue.
 Claims Regarding Suppression of Statements and Undershorts
The appellant contends that the State improperly used his undershorts and his statements to police, both of which were obtained as a result of an allegedly illegal detention of the appellant, as evidence at trial. This *Page 1019 
claim is procedurally barred because it was raised and addressed at trial and on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P.
The appellant argues that his appellate attorneys were ineffective because they did not raise on appeal the State's use of his statements that were allegedly illegally obtained. However, the record shows that appellate counsel raised, and this court addressed, this argument on appeal. SeeDavis, 554 So.2d at 1100-01. Therefore, this claim is not supported by the record.
 Claims that Improperly Elicited Statement was Introduced
The appellant contends that the State improperly used his statement to Bignault because the State allegedly improperly elicited the statement. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the State's allegedly improper use of his statement. The appellant has not presented any evidence to show that the State deliberately or improperly elicited the statement. During depositions in the Rule 32 proceedings, Bignault implied that Thomas Hodges (who worked at the juvenile detention center in Savannah, Georgia, and to whom the appellant also confessed to committing the crime) asked or encouraged him to talk to the appellant. However, Hodges testified that he encouraged Bignault not to talk to the appellant because it was not any of his business. Also, Bignault, Hodges, and several Alabama law enforcement officers testified that no Alabama law enforcement officer asked Bignault or Hodges to obtain a statement from the appellant. Further, as we found on direct appeal, Bignault's testimony was consistent with and corroborated by the other circumstantial evidence presented by the State. Again, the appellant has not satisfied his burden of proving by a preponderance of the evidence that he is entitled to relief. Rules 32.3 and 32.6(b), Ala. R.Crim. P.; Strickland, supra. Therefore, he has not shown any basis for an objection by his appellate attorneys.
 Claim that Jury Should Have Been Instructed on Lesser-Included Offenses
The appellant contends that the trial court erred in not instructing the jury on lesser-included offenses. This claim is procedurally barred because it could have been, but was not, raised at trial and because it was raised and addressed on appeal. Rule 32.2(a)(3) and (4), Ala. R.Crim. P. SeeDavis, 554 So.2d at 1102-03.
The appellant argues that his trial attorneys were ineffective because they did not request instructions on lesser-included offenses. On direct appeal, we held that there was no evidence and no theory from the record which would point to a lesser included offense. We also noted that the appellant's only defense at trial was alibi because he contended that he did not commit the murder. Thus, there was no basis for a finding that he was guilty of any lesser-included offenses. Davis, 554 So.2d at 1103. Further, trial counsel stated that there was no basis under the statute and the evidence presented at trial for instructions on lesser-included offenses. Because there was no basis for instructions on lesser-included offenses, his trial attorneys were not ineffective for not making such a request.
 Claim that Reasonable Doubt Instruction was Improper
The appellant contends that the trial court's instruction on reasonable doubt was improper. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant argues that his trial attorneys were ineffective because they did not object to the trial court's allegedly improper reasonable doubt instruction. In defining reasonable doubt for the jury, the trial court used some of the terminology that was found offensive in Cage v. Louisiana,498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). However, the appellant was tried and convicted in 1980, approximately 10 years before Cage was decided. "We cannot *Page 1020 
say that counsel's performance was deficient for failing to forecast changes in the law." Hallford, 629 So.2d 6, 11
(Ala.Cr.App. 1992). Moreover, the use of some, but not all, of the terminology prohibited in Cage will not automatically constitute reversible error. McMillian v.State, 594 So.2d 1253 (Ala.Cr.App. 1991). As long as the charge as a whole correctly conveyed the definition of reasonable doubt and was not confusing or misleading, it will be upheld, even if it includes some of the language condemned inCage. McMillian, supra. In this case, the trial court's instruction properly conveyed the definition of reasonable doubt and was not misleading or confusing. Therefore, there was no legal basis upon which counsel should have objected to the instruction.
The appellant argues that his appellate attorneys were ineffective because they did not raise on appeal the trial court's allegedly improper reasonable doubt instruction. As we stated with respect to trial counsel, there was no basis for such an objection. For the same reasons, there was no basis for an objection by appellate counsel.
 Claim that Trial Court Did Not Provide Guidance to Jury as to Punishment
The appellant contends that the trial court did not give the jury any guidance in determining whether death was the appropriate punishment. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not request jury instructions to guide the jury in its determination of whether death was the appropriate sentence. The law at the time did not give the jury discretion to determine the appropriate punishment. Rather, the law provided that "if the jury finds the defendant guilty, itshall fix the punishment at death when the defendant is charged [with a capital offense]." § 13-11-2(a), Ala. Code 1975 (repealed) (emphasis added). There was thus no reason for the trial court to give an instruction to guide the jury in determining whether death was the appropriate punishment. Therefore, counsel did not err in not requesting such an instruction.
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the trial court's alleged failure to guide the jury in its determination of whether death was the appropriate verdict. As discussed above, there was simply no basis for such an instruction because the jury had no discretion in making such a determination. Therefore, we also find that appellate counsel was not ineffective for not raising this issue.
 Claim Regarding Refusal of Circumstantial Evidence Instruction
The appellant contends that the trial court improperly refused to instruct the jury concerning circumstantial evidence. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the trial court's alleged failure to instruct the jury on circumstantial evidence. The record shows that, in its oral charge to the jury, the trial court defined circumstantial evidence and discussed the procedure for weighing evidence. Thus, the trial court substantially covered the subject in its oral charge. Therefore, there was no basis for an objection by appellate counsel. Furthermore, the appellant has not shown that he was prejudiced by this alleged failure, and he has not shown that there is a reasonable probability the result of the appeal would have been different if counsel had raised this claim on appeal. Accordingly, the appellant has not satisfied his burden underStrickland.
 Claim that Trial Court Improperly Considered a Mental Health Report
The appellant contends that the trial court improperly considered a mental health report and a presentencing report in sentencing him to death. These claims are procedurally barred because some were raised and addressed *Page 1021 
at trial and on appeal and some could have been, but were not, raised at trial and on appeal. Rule 32.2(a)(2), (3), (4) and (5), Ala. R.Crim. P. Ex parte Davis, 554 So.2d at 1118.
 Claims Concerning Mitigating Circumstances
The appellant contends that the trial court erred because it did not consider nonstatutory mitigating circumstances and because it did not consider and find certain statutory mitigating circumstances. This claim is procedurally barred because it could have been, but was not, raised at trial and because it was raised on appeal. Rule 32.2(a)(3) and (4), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not object to the trial court's failure to consider nonstatutory mitigating circumstances. However, in compliance with Lockett v. Ohio,438 U.S. 586, 604, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and its progeny, the trial court allowed the appellant to present all of the mitigating evidence he wanted to present. The sentencing order shows that the trial court considered all statutory and nonstatutory mitigating evidence offered by the appellant. The trial court did not err in refusing to find that all of the evidence offered by the appellant mitigated the offense. "`While Lockett and its progeny require consideration of all evidence submitted as mitigation, whether the evidence is actually found to be mitigating is in the discretion of the sentencing authority.'" Ex parte Slaton, 680 So.2d 909,924 (Ala. 1996) (quoting Bankhead v. State,585 So.2d 97, 108 (Ala.Cr.App. 1989)). See also Ex parte Harrell,470 So.2d 1309 (Ala.), cert. denied, 474 U.S. 935,106 S.Ct. 269, 88 L.Ed.2d 276 (1985). The appellant's claim that the trial court did not consider his statutory and nonstatutory mitigating evidence is not supported by the record. The trial court clearly considered all the mitigation evidence the appellant offered, but it found that none of the evidence mitigated the crime. Therefore, there was no basis for an objection by counsel, and counsel was not ineffective in this regard.
The appellant also argues that his trial attorneys were ineffective because they did not object to the trial court's allegedly erroneous interpretation of statutory mitigating circumstances. The appellant did not present any evidence in support of this claim, and we find no evidence in the trial record to support it. Rule 32.3 and 32.6(b), Ala. R.Crim. P. Therefore, there was no basis for trial counsel to object, and this claim is without merit.
The appellant also contends that his trial attorneys were ineffective because they allegedly did not investigate and present compelling mitigating evidence. At the sentencing hearing, the parties stipulated that two statutory mitigating circumstances existed. Specifically, they agreed that the appellant had no significant history of prior criminal activity,see § 13-1-7(1), Ala. Code 1975 (repealed, now § 13A-5-51(1)), and that he was 17 years old at the time of the murder, see § 13-11-7(7), Ala. Code 1975 (repealed, now § 13A-5-51(7)). They also stipulated that one nonstatutory mitigating circumstance, the fact that the appellant was married, existed. In addition, trial counsel used psychiatric records in an attempt to convince the court to find that two additional mitigating circumstances existed. Specifically, counsel argued that the records showed that the appellant was emotionally unstable and immature and that he was depressed with suicidal thoughts. Thus, counsel sought to have the trial court find as statutory mitigating circumstances that the appellant was under the influence of extreme mental or emotional disturbance and that he did not have the capacity to appreciate the criminality of his conduct. See § 13-11-7i(2) and (6), Ala. Code 1975 (repealed, now § 13A-5-51(5) and (6)).
In the present proceeding, the appellant's trial attorneys testified that they investigated the appellant's background for mitigating evidence. In this same proceeding, the appellant presented several witnesses who stated that they would have testified on his behalf at trial if they had been called as witnesses. These witnesses testified about the appellant's family life and history and about the kind of person the appellant was before the *Page 1022 
murder. However, none of the testimony presented by these witnesses supported the finding of any mitigating circumstances recognized by § 13-11-7, Ala. Code 1975 (repealed, now § 13A-5-51). Thus, their testimony would not have changed the balance of mitigating and aggravating circumstances in this case. Thus, the decision not to present additional evidence was apparently a tactical decision, and we will not second-guess it on appeal. Hallford v. State, 629 So.2d 6
(Ala.Cr.App. 1992), cert. denied, 511 U.S. 1100, 114 S.Ct. 1870,128 L.Ed.2d 491 (1994). Because the appellant has not shown that any additional evidence would have convinced the trial court to change its decision regarding sentencing, his claim is without merit.
 Claim that Trial Court Improperly Found Aggravating Circumstance
The appellant contends that the trial court improperly found as an aggravating circumstance that the killing was especially heinous, atrocious, or cruel. This claim is procedurally barred because it could have been, but was not, raised at trial and because it was raised and addressed on appeal. Rule 32.2(a)(3) and (4), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not object to the trial court's allegedly improper and unconstitutional application of the "heinous, atrocious, or cruel" aggravating circumstance. As we stated on direct appeal, the trial court's conclusions concerning the aggravating and mitigating circumstances "are fully supported by the evidence in this case." Davis,554 So.2d at 1111. Rather than contest the finding of this aggravating circumstance, trial counsel argued mitigating evidence and strongly urged the trial court to find that the mitigating circumstances outweighed the aggravating circumstances. Because his attorneys were arguing numerous mitigating circumstances, in contrast to one aggravating circumstance, this strategic decision was reasonable and was consistent with the appellant's strategy throughout the trial.Hallford, supra. We will not second-guess that decision. Therefore, the we do not find that his attorneys were ineffective.
 Claim that Sentence is Disproportionate
The appellant contends that the death penalty is disproportionate in this case because, at the time of the offense, he was 17 years old and had no prior criminal history. This claim is procedurally barred because it could have been, but was not, raised at trial and because it was raised and addressed on appeal. Rule 32.2(a)(3) and (4), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not assert that the death sentence would be disproportionate for a seventeen-year-old with no prior record. At the sentencing hearing, trial counsel urged the trial court to impose a sentence of life imprisonment without the possibility of parole, stressing the severity of the death penalty, the fact that the appellant had no prior criminal record, and the appellant's age at the time of the crime. Trial counsel reasonably presented this argument to the trial court. In addition, trial counsel also objected on the ground that the death penalty is cruel and unusual punishment. Also, when it reviewed this case, the Alabama Supreme Court held that the imposition of the death penalty on the appellant, who was 17 years of age at the time of the crime, was constitutional and would not be cruel and unusual punishment. Ex parteDavis, 554 So.2d at 1114. The appellant has not shown that his counsel's performance was deficient because they raised the question of the constitutionality of the death penalty at trial. Therefore, he has not satisfied his burden underStrickland with regard to this claim.
 The Incomplete Record Claim
The appellant contends that the State did not properly provide him with a complete record of the proceedings in his case. This claim is procedurally barred because it could have been, but was not, raised on appeal. Rule 32.2(a)(5), Ala. R.Crim. P.
The appellant argues that his appellate attorneys were ineffective because they did not assure that the record of his trial was complete. The court reporter did transcribe and submit on appeal objections made during the closing arguments, but he did not transcribe *Page 1023 
the closing arguments in their entirety. At the time of the appellant's trial, court reporters were governed by § 12-17-275, Ala. Code 1975, which provided:
 "The official court reporter shall attend in person, except as otherwise herein provided, the sessions of court held in the circuit for which he is appointed, and in every case, where directed by the judge or requested by a party thereto, he shall take full stenographic notes of the oral testimony and proceedings, except argument of counsel, and note the order in which all documentary evidence is introduced, all objections of counsel, the rulings of the court thereon and exceptions taken or reserved thereto."
Thus, at that time, court reporters were only required to transcribe objections made during closing arguments and not the entire closing arguments. Reeves v. State,518 So.2d 168 (Ala.Cr.App. 1987); Ervin v. State, 399 So.2d 894,898 (Ala.Cr.App. 1981), cert. denied, 399 So.2d 899 (Ala. 1981);Langford v. State, 354 So.2d 297 (Ala.Cr.App.), rev'd on other grounds, 354 So.2d 313 (Ala. 1977); McClary v.State, 291 Ala. 481, 282 So.2d 384 (1973). Therefore, the appellant's contentions are contrary to the law at the time of his trial, and he has not shown that his attorneys were ineffective with respect to this claim.
 Claim that Method of Execution is Unconstitutional
The appellant contends that Alabama's method of execution is unconstitutional. This claim is procedurally barred because it was raised at trial and on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not object to the allegedly unconstitutional method of carrying out executions by electrocution. However, the record shows that trial counsel did argue that execution is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Therefore, the appellant's argument is without merit.
 Claim of Improper Performance of Judicial Functions
The appellant contends that there was a conflict of interest in his case because the former district attorney was allowed to perform judicial functions in his case. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not object to an alleged conflict of interest created by allowing the former district attorney to perform judicial functions. Specifically, he argues that Judge Harold Walden, a former district attorney, should not have been allowed to issue the subpoena that brought Tracy Bignault to Alabama to testify against him. There is no indication in the trial record that Walden participated in the prosecution of this case, and the appellant has not presented any evidence that he did. Also, Walden did not preside at any proceedings in the case. And, even if he had participated in the case while he was an assistant district attorney, witness subpoenas are common and the appellant has not shown that the judge improperly used any knowledge he may have gained as an assistant district attorney in issuing the subpoena. Thus, the appellant has not shown he was prejudiced by the judge's act of signing a witness subpoena, and he has not shown that there is a reasonable probability the result of the trial would have been different if counsel had objected. Strickland, supra. Accordingly, he has not shown that his attorneys were ineffective on this ground.
The appellant argues that his appellate attorneys were ineffective because they did not raise on appeal the alleged conflict of interest created by allowing the former district attorney to perform judicial functions in the case. However, he has not shown that there is a reasonable probability that the result of his appeal would have been different if counsel had raised this issue. For the same reasons we find that trial counsel was not ineffective in this regard, we also find that appellate counsel was not ineffective. *Page 1024 
 Prosecutorial Misconduct Claim
The appellant contends that the prosecutor committed several acts of misconduct which allegedly prejudiced the jury against him. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not object to alleged prosecutorial misconduct during the State's opening statement. He challenges the prosecutor's statement that 18 fellow citizens returned the indictment against the appellant, which was factually correct. He also challenges the prosecutor's statement that it was his responsibility to prove the case beyond a reasonable doubt and to a moral certainty, which was also a correct statement of law and fact. Finally, he challenges the prosecutor's statement that the State of Alabama and people of Coosa County were asking for the death penalty in the appellant's case. This statement, too, was factually correct because the prosecutor represented the State of Alabama and the citizens of Coosa County. Because the statements were true, there was no basis for any objection by trial counsel. Thus, his attorneys were not ineffective for not objecting to the statements.
The appellant also contends that his trial attorneys were ineffective because they did not object when the prosecutor allegedly misstated the facts in the case. However, he does not explain upon what ground he bases that contention, and he does not point out specifically what facts the prosecutor misstated. The claim is merely a conclusory allegation unsupported by facts. Rule 32.3 and 32.6(b), Ala. R.Crim. P. Because the appellant has not sufficiently pled and proved this claim, it is without merit.
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the alleged prosecutorial misconduct in the State's opening statement. For the same reasons the appellant's trial attorneys were not ineffective, his appellate attorneys were not ineffective. There was simply no basis for an objection by either trial or appellate counsel. Therefore, this claim is without merit.
 Improper Search and Seizure Claim
The appellant contends that his home was illegally searched by law enforcement officers and that several items obtained as a result thereof were improperly admitted into evidence at trial. This claim is procedurally barred because it was raised and addressed at trial and on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P. See Davis, 554 So.2d at 1101-02.
The appellant contends that his trial attorneys were ineffective because they did not object to the search of his home and did not seek to suppress the allegedly illegally obtained evidence. Our review of the trial record indicates that trial counsel did object to the search of his home and the seizure of evidence therefrom. Therefore, this claim is not factually supported by the record.
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the search of his home and the failure to seek to suppress the allegedly illegally obtained evidence. However, our review of the record shows that his attorneys did raise this issue on appeal. Therefore, this claim is also not factually supported by the record.
 The Lack of Allocution Claim
The appellant contends that the trial court improperly refused to allow him to address the court before the imposition of his sentence. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant argues that his trial attorneys were ineffective because they did not object to the trial court's refusal to allow him to address the court prior to imposition of sentence. This contention is refuted by the record of the sentencing hearing. The trial court allowed the appellant to present all of the mitigating evidence he wished to present at the sentencing hearing, and then it reviewed all of the evidence presented in making its findings as to mitigating and aggravating *Page 1025 
circumstances. After the trial court discussed those findings, it stated that the findings showed that appellant should be sentenced to death. However, before pronouncing sentence, the trial court gave the appellant an opportunity to state why the sentence of death should not be passed against him. The appellant responded that he had nothing to say, and the trial court pronounced final sentence. Because the trial court gave the appellant an opportunity to speak before it imposed the final sentence, there was no basis for an objection by trial counsel. Therefore, his trial attorneys were not ineffective in this regard.
The appellant also argues that his appellate attorneys were ineffective because they did not raise on appeal the trial court's alleged failure to allow the defendant to address it prior to imposing sentence. As set forth with regard to trial counsel, there was no basis for such an objection. Accordingly, his appellate attorneys were not ineffective with regard to this claim.
 Forensic Evidence Claims
The appellant contends that the State improperly used allegedly unreliable forensic evidence, did not test the physical evidence properly, and did not preserve the evidence for the defense. This claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(3) and (5), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not adequately challenge the forensic evidence. He further contends that trial counsel did not request funds for another forensic expert to test the physical evidence and that, as a result, key tests were not conducted on the physical evidence. He also contends that trial counsel did not cross-examine the State's forensic experts about their alleged failure to perform key tests on the physical evidence and their failure to preserve the physical evidence for the defense attorneys. Finally, he contends that counsel did not produce evidence or argument challenging the adequacy of the forensic identification in this case. We disagree.
The appellant has not shown that the techniques used by the State's forensic experts were unreliable. In fact, his expert did not challenge the validity of the results reached by the State's forensic experts. Rather, he made broad allegations that additional testing could have been done on the swab from the victim's anus and on the crusty material found on the appellant's undershorts and that that testing might have excluded the appellant as the offender. However, the State's expert testified that there was not enough of either material to do additional tests beyond those tests he performed. He also testified that some of the methods suggested by the appellant's expert were not reliable or were not being used by the State when the evidence was tested in 1978. Further, although there may have been a discrepancy between the State's expert's handwritten notes and his final report, this discrepancy was not prejudicial to the appellant. The evidence shows that the expert simply made notes quickly during his examination, not including every detail of his findings, and stated his findings more completely in his final report. Finally, although another handwritten note indicates that pubic hair was stuck in blood on the floor, there is no indication that the note did not refer to the victim's hair. Thus, the appellant has not presented a serious challenge to the validity and accuracy of the findings of the State's forensic experts.
Furthermore, the appellant has not shown that the methods now suggested by his expert were available in 1978, and he has not shown that there is a reasonable probability that additional testing would have produced a different result. In fact, as his expert admitted, additional testing may have made the State's case against the appellant stronger. Finally, the record shows trial counsel did cross-examine the State's forensic experts concerning the forensic evidence in the case.
Based on the foregoing, the appellant has not satisfied his burden under Strickland. He has not shown that trial counsel's performance was deficient, and he has not shown that there is a reasonable probability that the result of the trial would have been different if trial counsel had not made the alleged *Page 1026 
errors. Moreover, additional forensic evidence, which remains unchallenged by the appellant's expert, connects the appellant to the crime. Accordingly, the appellant's claim is without merit.
The appellant also contends that his appellate attorneys were ineffective because they did not raise on appeal the State's use of allegedly unreliable forensic evidence. For the same reasons we find that his trial attorneys were not ineffective, we also find that his appellate attorneys were not ineffective. First, he has not shown that the State's forensic evidence was unreliable. Also, he has not shown that there is a reasonable probability that the result of the appeal would have been different if counsel had challenged the evidence. Therefore, this claim is also without merit.
 Claim that the Trial Should Have Been Bifurcated
The appellant contends that he was improperly denied a bifurcated trial and that the jury was not given an opportunity to consider a sentence of life imprisonment without the possibility of parole. This claim is procedurally barred because it was raised at trial and because it was raised and addressed on appeal. Rule 32.2(a)(2) and (4), Ala. R.Crim. P. SeeDavis, 554 So.2d at 1102-03.
The appellant asserts that his trial attorneys were ineffective because they did not object to the procedure employed in this case whereby the jury was given only two sentencing options. The record shows that his trial attorneys did object to this procedure. Furthermore, at the time, that was the procedure established by Alabama law, and we upheld the procedure on direct appeal. Davis, 554 So.2d at 1102-03. Seealso § 13-11-2(a), Ala. Code 1975. Thus, his trial attorneys were not ineffective in this regard.
The appellant also argues that his appellate attorneys were ineffective because they did object on appeal to the procedure employed in this case whereby the jury was given only the options of convicting the appellant and sentencing him to death or acquitting him. The record reflects that his appellate attorneys did object to the preclusion clause of § 13-11-2(a), Ala. Code 1975 (repealed), under which no instructions on lesser-included offenses were given and under which the jury automatically fixed the punishment at death if it found a defendant guilty of a capital offense. And again, we note that was the procedure employed in capital cases when this case was tried. Moreover, even after Beck v. Alabama,447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), this court and the Alabama Supreme Court upheld the conviction despite arguments to the contrary. Therefore, the appellant has not shown that his attorneys were ineffective as alleged.
 The Brady Violation Claim
The appellant contends that the State improperly waited 17 years to disclose information that was required to be disclosed under Brady v. Maryland. First, the appellant argues that the State did not make the defense aware that Curtis Smith, one of the State's key witnesses, had two prior convictions for sexual assault, that he was originally a suspect in the case, and that he allegedly made inconsistent statements about the color of the appellant's motorcycle helmet. He also claims that the State did not reveal that it had made a deal with Tracy Bignault to get him to testify against him.
 "`In order to establish a Brady violation, appellant must prove: "(1) The prosecution's suppression of evidence; (2) The favorable character of the suppressed evidence for the defense; (3) The materiality of the suppressed evidence."' Knight v. State, 478 So.2d 332, 335 (Ala.Cr.App. 1985). Impeachment evidence, as well as exculpatory evidence, falls within the Brady rule. See Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
 "`The holding of Brady v. Maryland requires disclosure only of evidence that is both favorable to the accused and "material either to guilt or punishment." 373 U.S., at 87 [83 S.Ct. at 1196]. See also Moore v. Illinois, 408 U.S. 786, 794-95, 92 S.Ct. 2562, 2567-2568, 33 L.Ed.2d 706 (1972). *Page 1027 
 "`The Court explained in United States v. Agurs, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976): "A fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial."
 "`. . . Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial:
 "`"For unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose. . . .
 "`"But to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." 427 U.S., at 108, 96 S.Ct.[,] at 2399.'
"United States v. Bagley, 473 U.S. 667,105 S.Ct. 3375, 3379-80, 87 L.Ed.2d 481 (1985). `Pursuant to UnitedStates v. Bagley, 473 U.S. 667, 105 S.Ct. 3375,87 L.Ed.2d 481 (1985), undisclosed evidence is material under theBrady rule . . . only when it is reasonably probable that the outcome of the trial would have been different had the evidence been disclosed to the defense.' Hamilton v. State, [Ms. 8 Div. 421, September 9, 1986, 520 So.2d 155] (Ala.Cr.App. 1986);Spellman v. State, 500 So.2d 110 (Ala.Cr.App. 1986)."
Kinder v. State, 515 So.2d 55, 63-64
(Ala.Cr. App. 1986).
 "`[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.'"
Johnson, 612 So.2d at 1293 (quoting United Statesv. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375,87 L.Ed.2d 481 (1985)).
 "The term suppression `means non-disclosure of evidence that the prosecutor, and not the defense attorney, knew to be in existence.' Ogden v. Wolff, 522 F.2d 816, 820 (8th Cir. 1975), cert. denied, 427 U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1976). `The concept of "suppression" implies that the Government has information in its possession of which the defendant lacks knowledge and which the defendant would benefit from knowing.' United States v. Natale, 526 F.2d 1160, 1170
(2d Cir. 1975), cert. denied, 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976)."
Donahoo v. State, 552 So.2d 887, 895-96
(Ala.Cr.App. 1989).
The appellant contends that the State violated Brady
because it did not make the defense aware that Curtis Smith had two prior convictions involving sexual offenses. During discovery, the appellant asked that the State be required to make the defense aware of the prior convictions of State witnesses. The trial court denied that request. There is no absolute right to discovery, including discovery of prior convictions of witnesses or of possible impeachment evidence, in criminal cases. Smith v. State, 639 So.2d 543
(Ala.Cr.App. 1993); Bailey v. State, 421 So.2d 1364
(Ala.Cr.App. 1982). Rather, the trial court has discretion in determining whether to order discovery of the prior convictions of witnesses or other possible impeachment evidence, and such a decision will not be overturned absent an abuse of discretion.Ross v. State, 555 So.2d 1179 (Ala.Cr.App. 1989);Williams v. State, 451 So.2d 411 (Ala.Cr.App. 1984);Wright v. State, 424 So.2d 684 (Ala.Cr.App. 1982);Mardis v. State, 423 So.2d 331 (Ala.Cr.App. 1982). The appellant has not shown that the trial court abused its discretion in denying his request for the prior convictions of the State's witnesses.
Furthermore, there is no evidence that the State suppressed evidence of Smith's prior convictions. One investigator who worked on the case testified that he checked Smith's criminal record through the National Criminal Information Center just before the trial *Page 1028 
and did not find any prior convictions. The printout of this search supports his testimony that he did not know that Smith had any prior convictions. Further, the printout contradicts the statement of a witness who said that Smith had raped a woman before. Therefore, the appellant has not shown that the State suppressed this information in violation of Brady. SeeDonahoo and Kinder, supra.
Finally, Smith's prior convictions, which occurred in 1947 and 1964, were not material. Although the appellant might have attempted to impeach Smith with these convictions, such impeachment would not have created a reasonable doubt as to the appellant's guilt. "Evidence tending to impeach [the witness] on totally collateral grounds — a conviction from the remote past — would not have created a reasonable doubt. Thus, the fact of his conviction was not material in the constitutional sense." Donahoo, 552 So.2d at 896. The appellant argues that the convictions would have destroyed Smith's credibility as a witness. However, Smith's testimony was strongly corroborated by the physical evidence, the appellant's incriminating statements, and testimony of other witnesses. Even his trial attorneys admitted that Smith's trial testimony was corroborated by other evidence. The appellant has not established that there is a reasonable probability that, had the convictions been disclosed to the defense, the result of the proceeding would have been different. Therefore, he has not established that a Brady violation occurred.
The appellant also contends that the State improperly withheld evidence that Smith was a suspect in this case based on the following handwritten notation found in the Alabama Bureau of Investigation (ABI) file:
 "Ron Brant runs store Al. 22 in Ray community Home 234-7666 knows Smith sub. that raped a woman before, he lives on Covered Bridge Rd. approx. 40 years of age."
(SCR. 1134.) There is no indication that the abbreviation "sub." is an abbreviation for "suspect." It appears instead to mean "subject," which is the way law enforcement officers referred to Smith during the Rule 32 proceedings. Further, the officers did not indicate that Smith was ever a suspect in the murder. The appellant has assumed and asserted that Smith was a suspect in the case, but he has not satisfied his burden of supporting that contention factually. Rule 32.3 and Rule 32.6(b), Ala. R.Crim. P. Therefore, the appellant has not shown that this notation was material or that the State suppressed it, and he has not proven that a Brady violation occurred.See Donahoo, Kinder, and Johnson, supra.
The appellant also argues that Smith made an inconsistent statement about the color of the helmet worn by the appellant and that the State was required by Brady to disclose that statement to the defense. In support of his contention, he introduced a handwritten note about Smith's statements to police officers where the word "blue" was crossed out and replaced with the word "gold." Based on this note, the appellant contends that Smith initially stated that the appellant's helmet was blue and later at trial stated that it was gold. The only reference in the entire ABI file to a blue helmet is in that one handwritten note, the author of which is unknown. It was not in a formal statement made by Smith. Furthermore, the word "blue" is crossed out and the word "gold" is written above it. This is consistent with Smith's trial testimony. The appellant's claim that the State suppressed exculpatory evidence in this regard is not supported by the record. He also has not shown that there is a reasonable probability that the outcome of the trial would have been different if the note had been disclosed to the defense. Therefore, he has not shown that this correction in a note was material to the issues in his case, and he has not shown that aBrady violation occurred. See Donahoo, Kinder, and Johnson, supra. The appellant also contends that the State did not disclose that it had made a deal with another key witness, Tracy Bignault. However, Bignault testified by deposition that he did not make a deal with the State to testify against the appellant. Law enforcement officers also testified that they did not make such a deal with Bignault. The appellant has not presented any evidence to refute that testimony. *Page 1029 
Rather, he has simply made bare allegations that are refuted by the testimony of State officials and Tracy Bignault. Accordingly, his allegation regarding the State's alleged failure to disclose a deal with Bignault is insufficient to prove a Brady violation and to show that he is entitled to post-conviction relief. Rules 32.3 and 32.6(b), Ala. R.Crim. P.
The appellant contends that his trial attorneys were ineffective because they did not investigate Curtis Smith's background and prior convictions. He further argues that he could have used the prior convictions to impeach Smith's trial testimony. As set forth above, trial counsel did request the criminal records of State witnesses in two discovery motions, but the trial court denied the motions. Clearly, trial counsel attempted to investigate Smith's criminal history. Furthermore, there is no allegation that Smith testified falsely, and everything he said was corroborated by other evidence. As noted above, the appellant has not shown that there is a reasonable probability that the result of the trial would have been different if counsel had cross-examined Smith about his prior convictions. Therefore, the appellant has not satisfied his burden under the second prong of Strickland, and he has not proven that his trial attorneys were ineffective.
The appellant also claims that his trial attorneys were ineffective because they did not investigate Tracy Bignault's criminal background. The record shows that trial counsel requested that the State provide the criminal records of the State's witnesses and that this request was denied by the trial court. Thus, his attorneys did attempt to investigate Bignault's criminal history. In addition, the record of the trial shows that trial counsel thoroughly cross-examined Bignault concerning his prior convictions and another crime for which he was investigated. Counsel also thoroughly questioned Bignault about inconsistencies between his prior statement and his trial testimony. The appellant has not shown that there is any additional evidence that counsel would have discovered concerning Bignault, and he has not shown that additional investigation would have altered the outcome of his trial. Therefore, he has not shown that his attorneys were ineffective with respect to this claim.
 Additional Claims Regarding Appellate Counsel
The appellant contends that his appellate attorneys were ineffective because they did not raise on appeal the trial court's refusal to accept the probable cause determination made by the judge who presided at the detention hearing and the trial court's failure to hold a hearing on the issue of probable cause. The appellant has made bare allegations that his attorneys were ineffective, but he has not explained why counsel should have made such objections and he has not shown that the trial court committed error that was prejudicial to him. Rule 32.3 and 32.6(b), Ala. R.Crim. P. Further, he has not shown that there is a reasonable probability that the outcome of the trial or appeal would have been different if the issues had been raised. Therefore, he has not satisfied his burden underStrickland, and he has not proven that his appellate attorneys were ineffective.
 II CLAIMS REGARDING RULE 32 HEARING
The appellant also contends that the trial court erroneously admitted the entire ABI investigative file into evidence at the hearing on his Rule 32 petition. In support thereof, he contends that the information contained in the file constituted unreliable, inadmissible hearsay. The file was properly admitted to rebut several of the appellant's contentions, including his claims that the State made a deal with Bignault to get him to testify against the appellant, that the State suppressed evidence of Smith's prior convictions, that Smith made a prior inconsistent statement about the color of the appellant's motorcycle helmet, and that Smith was a suspect in the case. It was also admissible to show that law enforcement officers did not have any contact with Bignault or Hodges before the appellant's confessions. Moreover, the appellant sought to admit parts of the ABI file that were unauthenticated and that, under his argument, would have constituted inadmissible hearsay. *Page 1030 
 "A party cannot assume inconsistent positions at trial and on appeal, and a party cannot allege as error proceedings in the trial court that were invited by him or were a natural consequence of his own action. Leverett v. State, 462 So.2d 972
(Ala.Cr.App. 1984), cert. denied, 462 So.2d 972
(Ala.Cr.App. 1985). A defendant cannot invite error by his conduct and later profit by the error. Timmons v. State, 487 So.2d 975 (Ala.Cr.App.), cert. denied, 487 So.2d 975 (Ala. 1986)."
Fountain v. State, 586 So.2d 277, 282
(Ala.Cr.App. 1991). See also Miller v. State,668 So.2d 912 (Ala.Cr.App. 1995); Bates v. State, 659 So.2d 201
(Ala.Cr.App. 1994). "The invited error rule has been applied equally in both capital cases and noncapital cases." Rogersv. State, 630 So.2d 78 (Ala.Cr.App. 1991), rev'd on other grounds, 630 So.2d 88 (Ala. 1992). Therefore, the appellant's claim is without merit.
Based on the foregoing, all of the appellant's claims are either precluded or lack merit. Although the trial court stated incorrect reasons for its denial of the petition with respect to some of the claims, we are not required to reverse the judgment in this case. If the trial court's ruling denying a post-conviction petition is correct for any reason, we will not reverse simply because the trial court stated an incorrect reason for the denial. Long v. State, 675 So.2d 532
(Ala.Cr.App. 1996); Swicegood v. State, 646 So.2d 159
(Ala.Cr.App. 1994); Roberts v. State, 516 So.2d 936
(Ala.Cr.App. 1987); Jenkins v. State, 516 So.2d 935
(Ala.Cr.App. 1987). Because all of the appellant's claims are either precluded or lack merit, the trial court properly dismissed his petition. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.