W. R. FINDLEY, *alias* Buck, *alias* BILL FINDLEY, v. S*tate.*

174 So. 724.

Opinion Filed June 2, 1937.

*Carlton C. Arnow,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—On writ of error we review judgment of

conviction of the offense of breaking and entering a building with intent to commit a felony, to-wit, Grand Larceny, under an information which charges that the defendant "did feloniously break and enter a certain building, to-wit the storehouse of Whiddon Cash Stores, a Corporation, then and there situate, the said storehouse being located at 1268 McDuff avenue in the City of Jacksonville, Duval County, Florida, with intent then and there to take, steal and carry away the money, property, goods and chattels of another of the value of fifty dollars."

It could serve no useful purpose for us to discuss the several contentions made by the plaintiff in error. It is sufficient to say that the evidence is sufficient to show that the defendant and another broke and entered the building described, but the defendant is not charged merely with breaking and entering the building of another. He is charged with the offense of breaking and entering that building with the specific intent to then and there commit grand larceny. In such cases the burden is on the State to prove the intent with which the accused has broken and entered a building and in this case the State entirely failed to prove with what intent the accused and his accomplice broke and entered the building.

Therefore, the evidence was insufficient to support the verdict and judgment. See McNair v. State, 61 Fla. 35, 55 Sou. 401; Simpson v. State, 81 Fla. 292, 87 Sou. 920.

Therefore, the judgment should be reversed and the cause remanded and it is so ordered.

ELLIS, C. J., and TERRELL and DAVIS, J. J., concur.

WHITFIELD and BROWN, J. J., not participating.