199 So. 254

## SAULS v. STATE.
### 4 Div. 654.

Court of Appeals of Alabama.

Dec. 17, 1940.

J. N. Mullins, of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case was drawn as for the violation of an act of the Leg-

islature, Gen.Acts of Alabama, Regular Session 1935, page 159. Approved, and by its terms, became operative, and in force and effect, on June 6, 1935.

Said indictment reads as follows: "The Grand Jury of said County charge that, before the finding of this indictment and subsequent to June 6, 1935, Robert Sauls, alias Bob Sauls, alias Bob Sawyer, whose name is to the Grand Jury otherwise unknown, in the night time, with intent to unlawfully kill Melton Allgood, broke into and entered the dwelling house of Melton Allgood, which said dwelling house was inhabited at the time by a human being against the peace and dignity of the State of Alabama."

■ Upon arraignment, the defendant interposed his plea of "not guilty," thus placing upon the State the burden of proving, by legal evidence, each of the material averments in the indictment beyond a reasonable doubt and to a moral certainty.

On the trial the defendant was convicted, and by the verdict of the jury was given the minimum term of punishment fixed by the statute, supra.

■■ This court, en banc, has read and carefully considered all the evidence adduced upon the trial, which consisted of the testimony of two witnesses. We are clear to the conclusion, and it is the judgment of this court, that the State failed to meet the burden of proof necessary to a conviction. This affirmatively appears unless resort to guesswork, suspicion and conjecture were indulged in order to bolster up the meagre and insufficient evidence in arriving at a conviction, and, of course, this is never allowable or permissible. There was no conflict in the testimony, and by every possible means the defendant undertook to have the court direct a verdict in his behalf. In declining to do so the court fell into error. The defendant, under the evidence, was entitled to the general affirmative charge. There was error also in overruling his motion for a new trial.

Pending the trial innumerable objections were interposed, and likewise, exceptions were reserved to the court's rulings upon admission of the testimony. We pretermit a detailed discussion of these numerous insistences. Many of the rulings complained of were error, and not in line with a superabundance of decisions of the appellate courts of this State, some of

which are as follows: Hill v. State, 207 Ala. 444, 93 So. 460; Scott v. State, 22 Ala.App. 380, 115 So. 853; Sanders v. State, 167 Ala. 85, 52 So. 417; Thomas v. State, 109 Ala. 25, 19 So. 403; Orr v. State, 107 Ala. 35, 18 So. 142; Griggs v. State, 58 Ala. 425, 29 Am.Rep. 762; Jeffries v. State, 7 Ala.App. 144, 62 So. 270; Weaver v. State, 24 Ala.App. 208, 132 So. 706; Young v. State, 22 Ala.App. 436, 116 So. 507; Brown v. State, 20 Ala.App. 178, 101 So. 224; Carr v. State, 21 Ala.App. 299, 107 So. 730; Clisby v. State, 17 Ala.App. 475, 86 So. 140; Woodward v. State, 21 Ala.App. 417, 109 So. 119; Hasty v. State, 20 Ala.App. 9, 100 So. 561; Findley v. State, 128 Fla. 341, 174 So. 724.

Reversed and remanded.