33 So.2d 751

## PITTS v. STATE.

### 6 Div. 470.

Court of Appeals of Alabama.

Jan. 13, 1948.

Rehearing Denied Feb. 3, 1948.

E. D. McDuffie, of Tuscaloosa, for appellant.

A. A.. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

HARWOOD, Judge..

This appellant was indicted for grand larceny. His jury trial resulted in his conviction of petit larceny, hence this appeal.

Stripped of the suspicion arising from some evidence of flight of this defendant after he had been arrested for this offense, and had made bond, and some further evidence of the bad character of the defendant, the evidence introduced by the State merely tended to show that this defendant, Eugene Jones, and Lawrence Franklin, about three o'clock on the morning of December 22, 1945, left the Coffee Pot restaurant in Tuscaloosa and rode in an automobile to a fruit stand just across the Warrior river bridge. Here they parked near a fruit stand because of a defect in the lights on the car. The fruit stand was on a well

travelled highway. Here all three dozed off. After a short while the accused aroused, woke Franklin, and told him he was leaving. At the time they parked at the fruit stand a 45 calibre automatic pistol, the property of Jones, was on the turned up sun visor above the windshield of the car. The defendant, after leaving the car, ordered a taxi and went to a taxi stand in Tuscaloosa where after about a fifteen minute wait he got another taxi and rode around Tuscaloosa from place to place before finally releasing this second taxi.

After the defendant left them Jones and Franklin continued to sleep for some time. Jones did not know when the defendant left. None of the doors of the car were locked and the glass to the right front door was out.

When Jones and Franklin awoke they discovered that the pistol was gone. Both testified they did not know who took the pistol. Jones said that sometimes the visor would work down and the pistol would fall into the car.

Both taxi drivers employed by the defendant, as above mentioned, testified that during their drives the defendant offered to sell them a pistol. It was dark, and while they could see a pistol in outline in the defendant's hand when he broached the sale, neither was interested in purchasing it, paid scant attention to it, and they could only say that he did have a pistol of some sort.

Testifying in his own behalf the defendant said that he had become chilled while sleeping in the car with Jones and Franklin, and after waking Franklin to tell him he was leaving he obtained a taxi and left. He denied that he took Jones' pistol, and claimed that while he attempted to sell a pistol to the taxi drivers as above set forth, the pistol he attempted to sell was his own, and was a 38 calibre Colt automatic and not a 45 calibre pistol. He further testified that he, Jones, and Franklin had consumed about three pints of whiskey during the time they were together. Both Jones and Franklin strenuously denied that any whiskey had been drunk during this time.

▮ In a criminal case the burden is on the State to prove, beyond all reasonable doubt that the crime charged has in fact been committed, and that the accused is the person who committed it. Hill v. State, 207 Ala. 444, 93 So. 460. Neither of the above elements could be inferred beyond all reasonable doubt from the evidence presented by the State in this case. Suspicion of the defendant's guilt may have been created, but under the evidence it is our opinion that conjecture and speculation are necessary to conclude that the pistol was stolen by this defendant, and further speculation must be resorted to to conclude that the pistol, if stolen, was later in the defendant's possession. Certainly there is no satisfactory proof of either fact. No rule is better settled than that convictions in a criminal case cannot be predicated on suspicion, conjecture, or speculation. See 6 Ala.Dig., Criminal Law, ⚷560, for innumerable cases enunciating this doctrine.

It is our opinion therefore that the lower court erred in refusing the defendant's written request for the affirmative charge. This cause must therefore be reversed, and it is so ordered.

Reversed and remanded.