55 So.2d 532

### IRWIN v. STATE.
### 1 Div. 626.

Court of Appeals of Alabama.
Dec. 4, 1951.

Hubert M. Hall, Bay Minette, for appellant.

Si Garrett, Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted under an indictment charging that he "wilfully, wantonly, maliciously, or with wanton negligence, set on fire or caused or procured to be set on fire, woods, brush, grass, or other inflammable vegetation of land not owned, leased, or controlled by him," etc.

The conduct charged is denounced by Section 204, Title 8, Code of Alabama 1940, as amended.

The evidence presented by the State consists of the testimony of Mr. and Mrs. Otis Baggett.

Their testimony tends to show that late in an afternoon in January or February 1950 they were driving along a road in Baldwin County when they came upon a truck parked on the left hand side of the road. A ditch and a bank bordered the road at the place where the truck was parked. According to Mr. Baggett: "Went on down the road about a mile and a truck was stopped on the curve and as I came around the curve I seen somebody between the truck and the ditch of the road and I pulled up side the truck and stopped and got out. I recognized Mr. Irwin then and seen two little spots of woods burning on the bank of the road and I said to them: 'Why don't you fellows get out and put out this fire?' And I jumped up on the bank and stomped the little places out with my foot and got back in the car and went on."

Mr. Baggett further testified that the defendant was between the parked truck and the ditch when he came around the curve, and by the time he had driven up to the truck the defendant had gotten back into it.

Mr. Baggett further testified that the defendant was within two or three feet of the fire when he first observed him.

On direct examination Mrs. Baggett's testimony was substantially the same as Mr. Baggett's, except that she stated that the fire was about six feet from the edge of the bank.

Both Mr. and Mrs. Baggett testified on cross examination that neither had seen the defendant set the fire or fires.

The defendant and his companion both denied that the defendant had set the fire. According to these two witnesses the defendant had stopped his truck in order to relieve himself, and that he had not left the roadway when the Baggett car approached.

This cause was heard by the court without a jury, and at the conclusion of the evidence the court entered a judgment of guilty, and duly imposed punishment.

The appellant timely filed a motion to set aside the judgment, which motion was denied. Hence this appeal.

 It is axiomatic that in a criminal case the burden is on the state to prove, beyond all reasonable doubt, that the crime charged has in fact been committed, and that the accused is the person who committed it. Hill v. State, 207 Ala. 444, 93 So. 460. Neither of the above elements could be inferred beyond all reasonable doubt from the evidence presented by the state in this case. It may be said to have presented a picture which would cause this appellant to be suspicioned. But speculation and conjecture must be resorted to if the conclusion is to be reached that appellant was the party guilty of setting the fire in this case. Tunstill v. State, 33 Ala. App. 460, 34 So.2d 857; certiorari denied 250 Ala. 421, 34 So.2d 859; Pitts v. State, 33 Ala.App. 363, 33 So.2d 751.

It is our conclusion therefore that the lower court erred in denying the appellant's motion on the assigned grounds that the judgment was contrary to the law and the evidence in the case.

 Over the appellant's objection Mr. Baggett was permitted to testify that the land on which the fire was observed was owned by the International Paper Company. Appellant's counsel argues strenuously that error infected this ruling. We pretermit consideration of this point, for it further appears that no evidence was offered by the State tending to show that the land had not been leased to or was not under the control of this appellant. This further burden was upon the State, and its failure to introduce any evidence in this direction presents an additional and necessary reason for reversing the judgment entered by the lower court.

Reversed and remanded.