128 So.2d 525

**Bill COLLEY**

v.

**STATE.**

**5 Div. 595.**

Court of Appeals of Alabama.

March 28, 1961.

Huel M. Love, Talladega, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment, charging robbery, is against Bill Colley, Bill A. Cowart and Harold Leroy Liner. The appellant, Bill Colley, was granted a severance. On the trial he was convicted and sentenced to the penitentiary for a term of ten years.

The evidence presented by the state tended to show that Cowart and Liner, armed with pistols, on Friday night, March 4, 1960, entered the grocery store of Miss Era Lauderdale and demanded her money. Liner guarded Miss Lauderdale's father

and cousin while Cowart went behind the counter and took the money box, containing some $185.

Appellant was a salesman for a produce company and called at the Lauderdale store twice a week for orders and to deliver produce. He called at the store the day after the robbery. Miss Lauderdale testified the money box was kept under the counter and was in plain view of customers when she made change. She stated she did a credit business and her largest collections were on Fridays.

Frank Lauderdale, Miss Era's father, testified he had a conversation with defendant at the store on Wednesday before the robbery, in which the defendant asked if he had a gun and if he would trade it. The witness told him he had bought the kind of gun he wanted and wasn't interested in a trade. Defendant asked if he would get it and let him look at it, but the witness refused to show him the pistol. Mr. Lauderdale stated he was eighty-four years old and the defendant often kidded with him about wrestling with him. He seemed a little more friendly than the ordinary salesman.

Woodrow H. Barnes, Sheriff of Tallapoosa County, testified he questioned the defendant in connection with his investigation of the robbery. The defendant said he had known Bill Cowart in the penitentiary and Cowart had worked with him some on the produce truck; that he was interested in trading guns simply because he wanted a new gun. The sheriff asked what was his connection with the robbery and why he was holding some of the money. The defendant said he didn't have anything to do with the robbery of the Lauderdale store; that Cowart had given him $55 to make a payment on Cowart's automobile. The sheriff then asked, "You know that money came out of the Lauderdale store, don't you," and defendant said he assumed it did, but that Mrs. Cowart had come and asked for the money and he had given it back. The sheriff was then permitted to testify he had made an investigation into the purchase of an automobile by Cowart on March 4th and no payment was due until April 6th. On cross-examination he stated he did not know whether there was any amount owing on the down payment.

J. A. Pike, a deputy sheriff, testified he was with the sheriff when the defendant was questioned. The sheriff asked what part the defendant played in the robbery, and the defendant said he didn't have any part in it. The sheriff then asked him about the money he was holding that came from the Lauderdale grocery. The defendant said he had the $55 that Bill Cowart gave him to make a car payment, but he didn't know where it came from.

Harold Leroy Liner testified that around four or five o'clock of the afternoon of March 4th, the day of the robbery Bill Cowart came to his home and asked if he would go with him "down yonder" to rob a place and he told him he would, but he didn't know what place he was talking about. About an hour later, and while Cowart was still there the defendant and his wife drove up in their car to the cross road in front of his house and a train was blocking the road and they stopped. The witness and Cowart were sitting in a car in the yard about 20 feet from where the defendant stopped and Cowart and defendant talked together a few minutes. The witness heard defendant say there ought to be "about seven or eight hundred," he didn't say "dollars," just said seven or eight hundred. Later while riding with Cowart they passed defendant and Cowart stopped the car and went back and talked with him again.

The witness further testified that he participated in the robbery; that Cowart got the money, which amounted to something like $186; that he said he was going to give Colley $50 or $55, and give Liner $50 the next day and the rest going to Cowart for car expense, but that the only money witness received was a repayment of $2 that Cowart had borrowed from him. After the robbery they drove to Sylacauga,

picked up Liner's two sisters and went to a dance hall, where they saw the defendant. Cowart and Colley went to the bathroom together and stayed about five minutes. Liner admitted he made a statement to the sheriff and his deputy that defendant had nothing to do with the robbery.

The defendant did not testify on the trial. The evidence presented in his behalf tended to establish an alibi.

 This court, sitting en banc, has carefully considered the evidence in this case. We are of the opinion that the evidence, including the testimony given by the self-confessed robber, Liner, established nothing more than a suspicion of appellant's guilt. Mere speculation, conjecture or surmise that an accused is guilty of the offense charged does not authorize a conviction. Pitts v. State, 33 Ala.App. 363, 33 So.2d 751; Tunstill v. State, 33 Ala.App. 460, 34 So.2d 857; Bedsole v. State, 35 Ala.App. 567, 50 So.2d 457; Blasengame v. State, 34 Ala.App. 85, 37 So.2d 225.

It is our opinion the trial court erred in refusing defendant's request for the general affirmative charge. The judgment is reversed and the cause remanded.

Reversed and remanded.