TYSON, Judge.
Samuel Louis Blackmon was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment.” The appellant was sentenced to life imprisonment, as an habitual offender, by the trial judge.
*1046 I
The sole issue before this court concerns the sufficiency of the evidence. The facts of this case are not in dispute and will be stated briefly.
On February 1, 1984, at approximately 9:18 a.m., a black male, with a mask over his face and carrying a sawed off shotgun, entered the City National Bank in Dothan. He proceeded to a teller window and stated to the teller, Mary Ellen Lee, “Boom, boom. This is a stick-up. Everybody down on the floor.” (R. 8) Lee was then instructed to give the man the money out of her drawer and she complied. At some point, Lee pulled the “bait strap” in her drawer which automatically alerts the police and triggers the bank’s cameras.
The man then placed a cardboard box which was wrapped in black tape on her teller window. He told Lee that the box contained a bomb and it would go off if she touched it.
The man then left the bank and the police arrived shortly thereafter. Explosive experts from Fort Rucker were called to the scene and they detonated the box. No explosives were contained in the box.
The evidence is clear and undisputed that this appellant was not the man who actually committed the robbery. In fact, the trial judge instructed the jury that the appellant could be found guilty only if the evidence proved the appellant aided and abetted the person who actually committed the robbery.
The only piece of evidence which connects this appellant to the robbery is a sole fingerprint found on the cardboard box used by the robber.
The issue this court must resolve is whether the evidence of the appellant’s fingerprint on the cardboard box used in the robbery, is sufficient to prove, beyond a reasonable doubt, that the appellant aided and abetted the actual perpetrator of this robbery.
“In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir.1971); Clark v. United States, 293 F.2d 445 (5th Cir.1961).”
Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, 368 So.2d 879 (Ala.1979).
“Circumstantial evidence is sufficient to support a conviction only if the evidence is consistent with the hypothesis that the accused is guilty and inconsistent with any reasonable hypothesis that he or she is innocent. Thomas v. State, supra; Johnston v. State, 387 So.2d 891 (Ala.Cr.App.1980).”
Weathers v. State, 439 So.2d 1311, 1316 (Ala.Cr.App.), cert. denied, 439 So.2d 1311 (Ala.1983).
“In Thomas v. State, supra, Judge Bowen stated:
‘While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. Smith v. State, 345 So.2d 325 (Ala.Cr.App.), cert. quashed, 345 So.2d 329 (Ala.1976); Colley v. State, 41 Ala.App. [273] 275, 128 So.2d 525 (1961).”
Weathers, supra at 1316.
As we have stated before, the sole connection between this appellant and the robbery is a fingerprint on the cardboard box left in the bank. It was established at trial that the entire box, including the portion on which the appellant’s fingerprint was found, was covered by tape. Therefore, it logically follows that the appellant’s fingerprint was on the box before it was wrapped with tape. The State did not offer any evidence of how and when the appellant’s fingerprint got on the box and did not show any relationship between the appellant and *1047 the robber. Clearly, the mere presence of the appellant’s fingerprint on the box does not necessarily lead to the conclusion that the appellant “aided and abetted” in this robbery. Cardboard boxes are very common and frequently handled by many persons, including shipping, for various purposes. It is certainly reasonable to assume that the cardboard box was innocently handled by the appellant some time before it came into the robber’s actual possession.
The appellant, in his brief, cites us to a similar case, United States v. Garside, 426 F.2d 939 (6th Cir.1970). In that case, the defendant was also charged with robbery. The only evidence connecting the defendant to the robbery was his fingerprints on a map found inside the getaway car. Incidentally, the location of the robbery was marked on this map. The court in Garside, supra, held that the defendant’s motion for verdict of acquittal should have been granted because "... the fingerprint proof against him in this case was not sufficient evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt.” Garside, supra, at 942.
We hold that the case at bar requires similar conclusion. Even when viewing the evidence in the light most favorable to the State, it appears likely that a reasonable mind would entertain some doubt as to this appellant’s guilt. It also appears to this court that the jury’s verdict in this cause was based on mere speculation and suspicion that the appellant committed this offense. There are numerous reasonable theories on which they could have found the appellant innocent.
Therefore, we hold that there was not sufficient evidence presented at trial, from which the jury could conclude, by fair inference that this appellant was guilty of this offense beyond a reasonable doubt.
The appellant’s motion to exclude the evidence should have been granted. The judgment of the trial court must be and is hereby reversed and rendered.
REVERSED AND RENDERED.
All the Judges concur, HARRIS, J., in result only.