FRY, Judge,
dissenting.
I respectfully disagree with the majority’s decision in its unpublished memorandum that the State’s fingerprint evidence alone presented sufficient circumstantial evidence to sustain Larry Lamar Fulg-ham’s convictions for three counts of possession of a forged instrument in the second degree.
“Proof of guilt beyond a reasonable doubt in the minds of the jury is essential to a conviction. For the submission of the case to a jury, there must be substantial evidence tending to prove all the elements of the crime, a mere scintilla not being sufficient.”
West v. State, 57 Ala.App. 596, 599, 329 So.2d 653, cert. denied, 295 Ala. 427, 329 So.2d 658 (1976).
“A person commits the crime of criminal possession of a forged instrument in the second degree if he possesses or utters any forged instrument of a kind specified in Section 13A-9-3, [e.g., a check,] tuith knowledge that it is forged and ivith intent to defraud.” § 13A-9-6(a), Ala.Code, 1975.(Emphasis added.)
As the majority notes with regard to the convictions, evidence was presented by the State that Jack D. Darby and Robert Montgomery ordered blank checks for their checking accounts, but that they never received their checks. The evidence indicated that two forged checks were written on Darby’s account and one forged check was written on Montgomery’s account. The only evidence presented connecting Fulgham to the offenses was his unauthorized fingerprints on each of the forged checks and the fact that he lived close to Darby and Montgomery’s residences. No evidence was presented placing Fulgham in the businesses where the forged checks were presented as payment or offering any handwriting analysis of the signatures on the checks.
Based on the evidence presented by the State, I do not believe that the circumstantial evidence supports Fulgham’s convictions for criminal possession of a forged instrument in the second degree. While I agree with the majority that the fingerprint evidence does indicate that Fulgham at some point in time had unauthorized possession of the checks, this fact alone does not prove Fulgham’s knowledge and his intent to possess a forged instrument. Section 13A-9-6(a), Ala.Code, 1975, clearly states that a defendant must have knowledge that the instrument is forged and have intent to defraud.
I further disagree with the majority’s conclusion that this evidence “authorized the jury to find that the fingerprints were made at the time the crimes were committed.” No evidence was presented to establish whether Fulgham had possession of the checks before or after they were forged. Consequently, I do not believe that the jury could find that the evidence excluded every reasonable hypothesis except that of guilt. See Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).
“ While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. Smith v. State, 345 So.2d 325 (Ala.Crim.App.), cert. quashed, 345 So.2d 329 (Ala.l976[1977]); Colley v. State, 41 Ala.App. 273, 128 *188 So.2d 525 (1961). A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. Harnage v. State, 49 Ala.App. 563, 274 So.2d 333 (1972). While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, Royals v. State, 36 Ala.App. 11, 56 So.2d 363, cert. denied, 256 Ala. 390, 56 So.2d 368 (1951), mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence. Sauls v. State, 29 Ala.App. 587, 199 So. 254 (1940); Riley v. State, 28 Ala.App. 389, 187 So. 247 (1938); Rungan v. State, 25 Ala.App. 287, 145 So. 171 (1932); Guin v. State, 19 Ala.App. 67, 94 So. 788 (1922).
“ ‘An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. Roberts v. State, 346 So.2d 473 (Ala.Crim.App.), cert. denied, 346 So.2d 478 (Ala.1977); Hale v. State, 45 Ala.App. 97, 225 So.2d 787, cert. denied, 284 Ala. 730, 225 So.2d 790 (1969); Orr v. State, 32 Ala.App. 77, 21 So.2d 574 (1945). It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940); Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962). A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. Louisville & N.R. Co. v. Mann’s Adm’r, 227 Ky. 399, 13 S.W.2d 257 (1929). The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur. Parker v. State, 280 Ala. 685, 198 So.2d 261 (1967); Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414 (1910).’ ”
Ex parte Williams, 468 So.2d 99, 101-02 (Ala.1985), quoting Weathers v. State, 439 So.2d 1311 (Ala.Cr.App.1983).
Because I believe the State’s evidence created merely “conjecture based on the possibility” that Fulgham possessed the instrument when it was forged and did not establish beyond speculation Fulgham’s knowledge that the checks were forged or the necessary intent to defraud, I must respectfully dissent.