Floyd Carter petitioned this Court for certiorari review of the Court of Criminal Appeals' affirmance of the trial court's judgment convicting Carter of the unlawful possession of a controlled substance. The issue presented is whether the trial court erred in failing to give a jury instruction regarding circumstantial evidence. We granted Carter's petition; we affirm.
 I.
On November 6, 2000, the Lawrence County Drug Task Force and officers from the Lawrence County Sheriff's Department executed a search warrant at the residence of Margaret O. Deputy John Charest testified at trial that he was the "point man" on the entry team that executed the search warrant. He testified that, upon entering the house, he saw two people sitting on a couch, one of whom was the defendant, Floyd Carter. Deputy Charest testified that he saw Carter jerk his hand from in front of his body and place his hand behind a cushion on the couch. Charest admitted that Carter's hand was balled up in a fist and that he could not see what, if anything, Carter had in his hand. Charest told Investigator *Page 530 
Chris Proctor what he had seen. Proctor relayed the information to agent Will Jones, who was conducting the search. Jones later recovered a plastic bag containing cocaine from the place on the couch where Charest had seen Carter place his hand. Jones arrested Carter. A search of Carter's person incident to his arrest revealed that Carter had in his possession over $1,600 in cash.
On January 26, 2001, the Lawrence County grand jury indicted Carter on one count of possession of a controlled substance, a violation of § 13A-12-212, Ala. Code 1975. On February 11, 2002, Carter's case was called for trial. At the charge conference, the trial court rejected Carter's proposed jury instructions numbered 1 through 7, and Carter objected. Carter specifically objected to the Court's refusal to give his proposed instruction no. 7 regarding circumstantial evidence.
On February 13, 2002, the jury convicted Carter of the unlawful possession of a controlled substance. The trial court sentenced Carter as an habitual offender to 15 years' imprisonment and ordered him to pay a fine of $7,000; to pay $2,000 pursuant to the Demand Reduction Assessment Act, § 13A-12-280 et seq., Ala. Code 1975; and to pay $50 to the Alabama Crime Victims Compensation Fund. Carter appealed. The Court of Criminal Appeals affirmed his conviction, without an opinion. Carter v. State
(No. CR-01-1534, March 14, 2003), 876 So.2d 1186 (Ala.Crim.App. 2003) (table). Carter petitioned this Court for the writ of certiorari, which we granted to determine whether the trial court erred by not charging the jury on circumstantial evidence.
 II.
Carter argues that because the State sought to prove his guilt on a charge of possession of a controlled substance based on a theory of constructive possession and because the "knowledge" element of possession was proved by circumstantial evidence, he was entitled to a jury charge on circumstantial evidence. Carter argues that the trial court therefore erred by failing to give a requested instruction concerning circumstantial evidence. He further argues that the Court of Criminal Appeals' affirmance of the trial court's judgment, which, he argues, was the result of flawed jury instructions, conflicts with Ex parte Chavers,361 So.2d 1106, 1107 (Ala. 1978), which held in part, "every accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility."
The trial court instructed the jury on constructive possession as follows:
 "And the other we say is constructive possession where it's not on their person.
 "I further instruct you that mere presence of a defendant in a place where drugs are found is not sufficient in and of itself to prove possession of a controlled substance. The State must introduce additional evidence from which possession and knowledge could be inferred.
 "To prove constructive possession of a controlled substance, the State must prove beyond a reasonable doubt that the defendant had knowledge of the presence of the controlled substance in the place as described.
 "I further instruct you that constructive possession may be determined by weighing the facts tending to support a defendant's necessary control over the substances against facts which demonstrate a lack of dominion or control over the controlled substance. *Page 531 
 "I further instruct you that while establishing the close proximity of a defendant to an illegal substance is relevant to show his knowledge of the presence of the controlled substance, this alone is insufficient to prove the required knowledge necessary to support the finding of constructive possession.
 "Again when I say constructive possession, that is possession under the law, we talk about where the drug is not actually on the person of the defendant.
 "As to this charge brought against this defendant of unlawful possession of a controlled substance. If you find from the evidence that the State has proved beyond a reasonable doubt each of the above elements of the offense of unlawful possession of a controlled substance as charged, then you shall find the defendant guilty of this offense."
Citing Thomas v. State, 824 So.2d 1, 33-39 (Ala.Crim.App. 1999), and Davis v. State, 720 So.2d 1006 (Ala.Crim.App. 1998), the Court of Criminal Appeals, in its unpublished memorandum in this case, found that "[a]lthough it would have been the better practice for the trial court to instruct the jury on circumstantial evidence, the trial court discussed the procedure for weighing the evidence." The Court of Criminal Appeals concluded that the jury charge satisfied the requirements of §12-16-13, Ala. Code 1975,[1] and that Carter's rights were not injuriously affected by the trial court's failure to give an instruction on circumstantial evidence. See Rule 45, Ala. R.App. P.
In Davis v. State, 720 So.2d 1006 (Ala.Crim.App. 1998), Davis sought relief under Rule 32, Ala. R.Crim. P., from a capital-murder conviction and a death sentence. The Court of Criminal Appeals found that Davis had not been substantially prejudiced by the failure of his appellate counsel to raise the issue of the trial court's failure to instruct the jury on circumstantial evidence because "in its oral charge to the jury, the trial court defined circumstantial evidence and discussed the procedure for weighing evidence." 720 So.2d at 1020.
In Thomas v. State, 824 So.2d 1 (Ala.Crim.App. 1999), Thomas was convicted of the capital offense of murder committed during a rape and was sentenced to death. In conducting a plain-error review of Thomas's trial and sentencing, the Court of Criminal Appeals held that although all of the evidence was likely circumstantial,[2] it was not plain error for the trial court not to have given a circumstantial-evidence instruction; Thomas had not asked for such an instruction and after the trial court's oral charge to the jury Thomas's attorney announced that he was satisfied with the jury instructions. 824 So.2d at 33-39.
Nonetheless, the Court of Criminal Appeals stated in Thomas
that "[t]he rule in Alabama is that the standard-of-proof instruction specifically regarding circumstantial evidence is required if the evidence is wholly circumstantial." 824 So.2d at 33 (citing Howard v. State, 108 Ala. 571, 18 So. 813 (1895)). However, the court recognized that the "modern trend" was to *Page 532 
move away from requiring a trial court to give a circumstantial-evidence instruction, and the Thomas court adopted a narrow exception, recognized in Chapin v. State,167 Tex.Crim. 390, 320 S.W.2d 341 (1958), to the requirement that a trial court give such an instruction:
 "[W]hen the facts, though they be circumstances, stand in such relationship one to another that the only logical conclusion to be drawn therefrom is that the accused committed the crime, then failure to charge on the law of circumstantial evidence does not constitute reversible error."
824 So.2d at 35. The Court of Criminal Appeals then concluded: "Taken as a whole, the evidence did not support any reasonable hypothesis consistent with [Thomas's] innocence; the evidence presented no other reasonable hypothesis that could account for the circumstances presented here." 824 So.2d at 38.
Carter argues that Thomas and Davis do not support the Court of Criminal Appeals' decision in his case. In this case, Deputy Charest testified that he saw two people sitting on the couch and that he saw Carter's hand move as if to place something behind a cushion on the couch. Cocaine was then found in the place where Carter had placed his hand. While a jury could reasonably find Carter guilty of constructive possession of cocaine based on that evidence, a jury also could reasonably find that the other person on the couch possessed the cocaine, that they both possessed the cocaine, or that neither one possessed the cocaine. Therefore, unlike the evidence in Thomas, the evidence in this case could support a reasonable hypothesis other than Carter's guilt. Also, unlike Davis, the court in this case offered no explanation of circumstantial evidence in its charge; therefore, the trial court's instruction did not "substantially cover" the issue of circumstantial evidence.
Carter argues correctly that the trial court in this case failed to follow the general rule articulated in Thomas
requiring a circumstantial-evidence instruction when all of the evidence is circumstantial and that this case does not fall within the narrow exception to that rule adopted in Thomas.
Therefore, because this case does not fall within the Thomas
exception, under Chavers Carter was entitled to a jury instruction on circumstantial evidence.
However, we note that in Holland v. United States,348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the Supreme Court of the United States abolished the requirement that federal courts give an instruction to the effect that when the prosecution's evidence is circumstantial, it must be such as to exclude every reasonable hypothesis other than that of guilt. The Supreme Court stated that "the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." 348 U.S. at 137, 75 S.Ct. 127. See also Jacksonv. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979) (rejecting the rule that in a case based solely on circumstantial evidence the prosecution was under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt). Direct and circumstantial evidence are of equal weight; all that is required to find a defendant guilty is that the jury be convinced of the defendant's guilt beyond a reasonable doubt. Holland v. United States; Jackson v.Virginia.
We find that the trial court properly instructed the jury in this case. In a criminal case in which all of the evidence is circumstantial, a jury instruction is proper if it states the elements of the crime, explains *Page 533 
how the jury should evaluate the evidence, and instructs the jury that it can convict the defendant only if the jury finds that the State has proved each element of the crime beyond a reasonable doubt and the State has disproved the defendant's presumption of innocence beyond a reasonable doubt. The Supreme Court of the United States in Holland stated:
 "Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."
348 U.S. at 137-38, 75 S.Ct. 127. As the Court of Criminal Appeals recognized in Thomas:
 "`[Although a] few courts have held that general instructions, such as those dealing with the burden of proof, are sufficient, a larger number of jurisdictions have adopted the rule that an instruction on the law of circumstantial evidence is not required where the jury is properly and adequately charged concerning the reasonable doubt standard.'"
Thomas, 824 So.2d at 36, citing Caroll J. Miller, Annotation,Modern Status of Rule Regarding Necessity of Instruction onCircumstantial Evidence in Criminal Trial — State Cases, 36 A.L.R.4th 1046, 1052 (1985). Although a trial court may give a circumstantial-evidence instruction if it finds the instruction appropriate or helpful in a particular case, a trial court is not required to give the jury such an instruction merely because all of the State's evidence in a criminal case is circumstantial. To the extent that this ruling is inconsistent with Thomas v.State, 824 So.2d 1 (Ala.Crim.App. 1999), Davenport v. City ofBirmingham, 570 So.2d 1298 (Ala.Crim.App. 1990), Ex parteWilliams, 468 So.2d 99 (Ala. 1985), and Howard v. State,108 Ala. 571, 18 So. 813 (1895), those cases are overruled.
 III.
In this case, Carter was not prejudiced by those jury instructions that were given, because the trial court's jury instructions properly instructed the jury of the elements of the crime and instructed the jury that it must find each of those elements beyond a reasonable doubt before it could find Carter guilty of the offense. The Court of Criminal Appeals held in its unpublished memorandum in this case:
 "The jury was instructed as to the elements of the offense and how to evaluate the evidence. Thus, the import and intent of the requested charge was conveyed. § 12-16-13, Ala. Code 1975. Additionally, the trial court repeatedly instructed the jury that it could convict [Carter] only if it unanimously found that his presumption of innocence was disproved beyond a reasonable doubt as to every element of the charged offense."
Therefore, the Court of Criminal Appeals properly concluded in this case that Carter's "substantial rights were not injuriously affected" by the trial court's failure to give the requested circumstantial-evidence charge.[3] See Rule 45, Ala. R.App. P. *Page 534 
 IV.
Carter's "substantial rights were not injuriously affected" by the trial court's failure to give a circumstantial-evidence instruction; therefore, we affirm the judgment of the Court of Criminal Appeals. To the extent that our holding today is inconsistent with Thomas and the line of cases holding that a trial court must give a circumstantial-evidence instruction when the evidence is wholly circumstantial, we overrule Thomas and those cases.
AFFIRMED.
HOUSTON, LYONS, BROWN, and STUART, JJ., concur.
HARWOOD and WOODALL, JJ., concur in the result.
JOHNSTONE, J., dissents.
[1] Section 12-16-13, Ala. Code 1975, states, in pertinent part:
 "The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."
Substantially the same language appears in Rule 21.1, Ala. R.Crim. P.
[2] The State linked Thomas to his victim with DNA evidence; the Court of Criminal Appeals did not decide the issue whether DNA evidence is direct evidence or circumstantial evidence.
[3] Both Holland and Jackson provide support for the proposition that in a circumstantial-evidence case, a defendant's rights are protected when the trial court properly instructs the jury on reasonable doubt.