BURKE, Judge.
Shirley Folds was convicted of Medicaid fraud, a violation of § 22-1-11, Ala.Code 1975, and sentenced to two years’ imprisonment. She was ordered to pay a $100 assessment to the Alabama Crime Victims Compensation Fund, a $500 fíne, and restitution in the amount of $16,281.35. This appeal follows.
The evidence at trial revealed that Folds received Medicaid benefits from December 19, 2002, until May 11, 2009, totaling $16,281.35. Clifford Johnson, an investigator with the State of Alabama Medicaid Agency, testified that his office received an anonymous complaint alleging that Folds had provided false information regarding her marital status in order to qualify for Medicaid benefits. Johnson explained that the Medicaid Agency works closely with the Social Security Administration when determining whether an individual qualifies for Medicaid benefits. Essentially, Johnson testified that a person’s eligibility for Medicaid is determined based on the information he or she provides to the Social Security Administration. According to Johnson, Folds represented to the Social Security Administration that she was single when, in fact, she was married. The State did not introduce a copy of Folds’s Medicaid application in which she allegedly made the false assertion regarding her marital status.
Folds testified that she has never provided false information to any agency regarding her marital status. According to Folds, she informed the Social Security Administration that she was separated. Folds stated that she and her husband had not lived together as husband and wife since approximately 1990 and that her husband provided no financial support to her. According to Folds, she could not afford to file for a divorce from her husband. Folds never denied that she was married at the time she applied for benefits.
At the close of the State’s case-in-chief, Folds moved for a judgment of acquittal “based on the fact that the State has failed to prove a prima facie case of Medicaid fraud in that they haven’t proven that this alleged crime occurred here in Houston County.” (R. 79.) The trial court denied that motion. After the defense rested, Folds again moved for a judgment of acquittal, stating:
“I just renew my motion for judgment of acquittal. And I meant to bring up — I can’t believe that I didn’t — at the close of the State’s case, that we don’t have an application for anything on this phantom application where she has checked a box as being single, and that hasn’t even been presented to the Court as evidence.”
(R. 96.) Before the trial court denied that motion, the following exchange occurred concerning Johnson’s testimony regarding the application:
“THE COURT: It came in without objection, also and [Investigator Johnson] said that — didn’t you testify that you had seen [Folds’s application for Medicaid benefits]?
“MR. JOHNSON: Yes, I did.
“THE COURT: And that it was marked single.
“MR. JOHNSON: Yes, sir.”
(R. 96-97.) However, a review of the record reveals that Johnson gave no such testimony, nor was any application admitted into evidence.
During trial, Johnson was asked how he verified an individual’s application status with the Social Security Administration, to which Johnson replied: “We contact the Social Security office by phone to verify that individual that’s received the Medicaid benefits, and I talked to Social Security staff members to verify the marital status to Ms. Shirley Folds.” (R. 55.) Johnson stated that he was told that the status *847 listed by Folds in the Social Security Administration’s records was “single.” Additionally, during cross-examination, the following exchange occurred:
“[Defense counsel]: Investigator Johnson, where’s the application completed by Ms. Folds?
“[Johnson]: That was done through the Social Security Administration.
“[Defense counsel]: And I assume you have a copy of it for us to look at today? “[Johnson]: No.
“[Defense counsel]: No?
“[Johnson]: No, sir.
“[Defense counsel]: How are we to know what she put on the application if we don’t even have it for court? “[Johnson]: I contacted the Social Security Administration directly and talked to them directly to verify her eligibility for living arrangement status.
“[Defense counsel]: So you just got this word of mouth?
“[Johnson]: Yes, sir.
“[Defense counsel]: You have no documentation as to an application filled out by Ms. Folds to present to this jury? “[Johnson]: Other than the fact that eligibility on file showed her as single— on the eligibility file. The case file is showing that she is listed as single and not married.
“[Defense counsel]: Do you have that? “[Johnson]: That should be a part of attachment one.
“[Defense counsel]: So you never saw an application filled out by Ms. Folds— “[Johnson]: No, sir.
“[Defense counsel]: — where she indicated that she was married, single or divorced, whatever?
“[Johnson]: No, sir.”
(R. 64-65.)
On appeal, Folds argues, among other things, that the trial court erred by denying her motions for a judgment of acquittal. Specifically, Folds asserts that the State presented insufficient evidence because, she says, “there is no written application or any representation by [Folds] that was intended to defraud.” (Folds’s brief, at 14.) Folds argues that the State failed to present any evidence indicating that she made a false assertion regarding her marital status with the intent to defraud the Medicaid Agency.
Section 22 — 1—11 (a), Ala.Code 1975, provides, in pertinent part:
“Any person who, ... with intent to defraud or deceive, makes, or causes to be made, or assists in the preparation of any false statement, representation, or omission of a material fact in any claim or application for medical benefits from the Medicaid Agency, knowing the same to be false; shall be guilty of a felony and upon conviction thereof shall be fined not more than ten thousand dollars ($10,000) or imprisoned for not less than one nor more than five years, or both.... ”
Thus, the State was required to prove, beyond a reasonable doubt, that Folds (1) made a false statement or representation for the purpose of obtaining Medicaid benefits, (2) knew the statement was false, and (3) made the statement with the intent to defraud or deceive.
In the present case, the evidence failed to establish any of those elements. The State did not produce Folds’s application in which she allegedly made a false statement regarding her marital status, nor did the State produce any witnesses who had even seen such an application. Furthermore, no witnesses testified that they had heard Folds make any statement regarding her marital status, nor was there any testimony regarding the circumstances under which such a statement might have been made. Rather, Investigator Johnson testified that he spoke to someone with the *848 Social Security Administration who told him that Folds was listed in its records as being single. One might surmise that it is equally likely that the Social Security Administration simply made a clerical error when it recorded Folds’s marital status in its records.
This Court has discussed the standard for determining whether the State has presented sufficient evidence to sustain a conviction:
“In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Crim.App.1978), cert, denied, 368 So.2d 877 (Ala.1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state’s evidence establishes a prima facie case. Gunn v. State, 387 So.2d 280 (Ala.CrimApp.), cert, denied, 387 So.2d 283 (Ala.1980). The trial court’s denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Crim.App.1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Crim.App.1983); Thomas v. State."
Breckenridge v. State, 628 So.2d 1012,1018 (Ala.Crim.App.1993).
The evidence in the present case, when viewed in the light most favorable to the State, proved, at most, that Folds was married at the time she applied for Medicaid benefits through the Social Security Administration and that the Social Security Administration’s records show that Folds is single. Although a jury could infer, based on the fact that the Social Security Administration’s records list her as single, that Folds made a statement to that effect, it would require further inference or speculation to surmise, without more, that Folds made that statement with the intent to defraud or deceive.
In discussing circumstantial evidence, the Alabama Supreme Court has held:
“An abundance of decisions exists on the extent to which circumstantial evidence may support a finding of guilt, and the general legal requirement has been repeated frequently, although not always in the same terms. These requirements have preserved the force of circumstantial evidence to support a finding of guilt if ‘the evidence is so strong and cogent as to show defendant’s guilt to a moral certainty,’ Tanner v. State, 291 Ala. 70, 277 So.2d 885 (1973); Gantt v. State, 356 So.2d 707 (Ala.Crim.App.), cert, denied, 356 So.2d 712 (Ala.1978), and the circumstances producing the moral certainty of the accused’s guilt ‘are incapable of explanation on any reasonable hypothesis.’ Jarrell v. State, 255 Ala. 128, 50 So.2d 774 (1949); Sumeral v. State, 39 Ala.App. 638,106 So.2d 270 (1958).
[[Image here]]
“And in Weathers v. State, 439 So.2d 1311 (Ala.Crim.App.1983), the Court of Criminal Appeals quoted with approval the following language from its opinion in Thomas v. State, 363 So.2d 1020 (Ala.Crim.App.1978):
“ ‘While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the *849 accused is guilty of the offense charged does not authorize a conviction. Smith v. State, 345 So.2d 325 (Ala.Crim.App.1976), cert, quashed, 345 So.2d 329 (Ala.1977); Colley v. State, 41 Ala.App. 273, 128 So.2d 525 (1961). A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. Harnage v. State, 49 Ala.App. 563, 274 So.2d 333 (1972). While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, Royals v. State, 36 Ala.App. 11, 56 So.2d 363, cert, denied, 256 Ala. 390, 56 So.2d 368 (1951), mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence. Sauls v. State, 29 Ala.App. 587,199 So. 254 (1940); Riley v. State, 28 Ala.App. 389, 187 So. 247 (1938); Rungan v. State, 25 Ala.App. 287, 145 So. 171 (1932); Guin v. State, 19 Ala.App. 67, 94 So. 788 (1922).
“ ‘An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. Roberts v. State, 346 So.2d 473 (Ala.Crim.App.), cert, denied, 346 So.2d 478 (Ala.1977); Hale v. State, 45 Ala.App. 97, 225 So.2d 787, cert, denied, 284 Ala. 730, 225 So.2d 790 (1969); Orr v. State, 32 Ala.App. 77, 21 So.2d 574 (1945). It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940); Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962). A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. Louisville & N. R. Co. v. Mann’s Adm’r, 227 Ky. 399, 13 S.W.2d 257 (1929). The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur. Parker v. State, 280 Ala. 685, 198 So.2d 261 (1967); Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414 (1910).’ ”
Ex parte Williams, 468 So.2d 99, 101-02 (Ala.1985), overruled on other grounds, Ex parte Carter, 889 So.2d 528 (Ala.2004).
The evidence presented by the State proved only that the Social Security Administration listed Folds as single in its records. To infer from that evidence alone that Folds knowingly made a false statement with the intent to defraud or deceive would be “ ‘mere speculation, conjecture, or surmise.’ ” Williams, 468 So.2d at 101. Accordingly, the trial court erred by failing to grant Folds’s motions for a judgment of acquittal.
Folds also raised an additional argument on appeal alleging that she was denied the right to a speedy trial. However, because of our resolution of Folds’s first argument, we need not reach that issue.
Based on the foregoing, the judgment of the trial court is reversed, and a judgment is rendered in favor of Folds.
REVERSED AND JUDGMENT RENDERED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.