REL: December 16, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

————————————————

## CR-2022-0672

————————————————

## Robert Lee Jones

### v.

## State of Alabama

## Appeal from Baldwin Circuit Court
## (CC-21-1852, CC-21-1854, and CC-21-1855)

KELLUM, Judge.

AFFIRMED BY UNPUBLISHED MEMORANDUM.

McCool, Cole, and Minor, JJ., concur. Windom, P.J., concurs in part and dissents in part, with opinion.

WINDOM, Presiding Judge, concurring in part and dissenting in part.

I concur in the majority's decision to affirm Robert Lee Jones's conviction for first-degree sexual abuse. Where I must part with the majority is the portion of the opinion related to the offenses that occurred on June 7, 2020 -- shooting into an occupied building and first-degree assault. I agree with the majority that the State proved that someone fired a shot into A.A.'s occupied dwelling and that A.A. was the victim of a first-degree assault based on the gunshot wound she received. I cannot agree, however, that the State proved that Jones was the perpetrator of these two offenses.

The majority sets forth the evidence on which the State relied to support the charges of shooting into an occupied building and first-degree assault as follows:

> "The evidence, when viewed in a light most favorable to the State, established that Jones threatened to kill A.A. if she told police that Jones had sexually assaulted her. A.A. believed that Jones would kill her and did not report the crime; however, A.A.'s cousin contacted the police. Within days of the report to police, A.A.'s house was shot at twice. The second shooting occurred while A.A. was inside the house and resulted in a gunshot wound to A.A.'s leg. A.A.'s femoral artery was severed. A.A. initially identified Jones as the shooter to police but testified at trial that she did not see who shot her. Hours after A.A. was shot, police found wet, dark clothes in Jones's house. Testimony indicated that it was

raining when A.A. was shot inside her apartment. A.A. testified that she had no difficulties with anyone else and that Jones was the only person to threaten her life."

The majority is, of course, correct that this Court must view the evidence in a light most favorable to the State. See Ex parte Burton, 783 So. 2d 887, 890-91 (Ala. 2000). Yet, even under that standard, I would hold that the evidence was legally insufficient to convict Jones of those two offenses. A.A.'s testimony was clear that she did not see the person who shot her through her living-room window on the rainy night of June 7, 2020. (R. 142.) The circumstantial evidence connecting Jones to the offenses was tenuous – that, several days before the shooting, Jones had sexually assaulted A.A.; that, also several days before the shooting, Jones had threatened to kill her if she contacted law enforcement about the sexual assault; and that it was raining on the night of the shooting and Inv. Arthur Odom saw wet, dark clothes lying on Jones's couch after the shooting.

> "'"While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. Smith v. State, 345 So. 2d 325 (Ala. Crim. App. 1976), cert. quashed, 345 So. 2d 329 (Ala. 1977); Colley v. State, 41 Ala. App.

273, 128 So. 2d 525 (1961). A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. <u>Harnage v. State</u>, 49 Ala. App. 563, 274 So. 2d 333 (1972)."'"

<u>Folds v. State</u>, 143 So. 3d 845, 848-49 (Ala. Crim. App. 2013) (quoting <u>Ex parte Williams</u>, 468 So. 2d 99, 101-02 (Ala. 1985), overruled on other grounds, <u>Ex parte Carter</u>, 889 So. 2d 528 (Ala. 2004)). Based on the evidence presented at trial, I believe any finding that Jones shot A.A. through her living-room window was altogether speculative.

Because I do not believe the State's evidence was legally sufficient to prove that Jones fired a gun into an occupied building or that he was responsible for the first-degree assault – A.A.'s gunshot wound – that resulted therefrom, I believe the circuit court erred in denying Jones's motion for a judgment of acquittal with respect to those two charges. Therefore, I respectfully dissent from that portion of the decision that affirms those convictions.